ATTWOOD v. WAYNE COUNTY SUPERVISORS.

1. MUNICIPAL CORPORATIONS—INCORPORATION—BOARD OF SUPERVISORS —PETITION—STATUTES.

It is mandatory upon the board of supervisors to enter an order submitting the question of incorporation of a city to the electorate of the territory affected by the change when a showing is made by petition in conformity with the several provisions of the statute relative to such incorporation (CL 1948, § 117.8).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUPREME COURT.

The Supreme Court declines to pass upon an issue that is not before it even though the trial court has expressed an opinion thereon.

3. COSTS—CONSTRUCTION OF STATUTE.

No costs are allowed in mandamus proceeding to compel board of supervisors to call an election on matter of incorporation of a city, where the construction of a statute is involved.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted June 11, 1957. (Calendar No. 46,706.) Decided September 4, 1957.

Mandamus by Charles Attwood against Board of Supervisors of the County of Wayne to compel calling election on the proposed incorporation of the City of Wayne. Writ granted. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur, Municipal Corporations §§ 7, 9.
[2] 3 Am Jur, Appeal and Error § 776.
[3] 35 Am Jur, Mandamus § 393.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,* for plaintiff.

*Gerald K. O'Brien,* Prosecuting Attorney, and *Hobart Taylor, Jr.,* and *Philip A. McHugh,* Assistant Prosecuting Attorneys, for defendant.

*Amicus Curiae: William Sempliner.*

Sharpe, J. Plaintiff, Charles W. Attwood, is one of the subscribers to a petition for the incorporation of the village of Wayne into the city of Wayne. The petition was filed with the clerk of the board of supervisors on July 21, 1953. This petition was officially received by the board of supervisors on September 21, 1953, and on the same date the prosecuting attorney for Wayne county issued his opinion, which, in part, reads as follows:

" 'Petition for incorporation of the city of Wayne,' you are advised that we have carefully checked the averments of the petition with the provisions of the statute (PA 1909, No 279, as amended [CL 1948 and CLS 1952, §§ 117.6–117.8 (Stat Ann 1949 Rev and Stat Ann 1951 Cum Supp §§ 5.2085–5.2087)]) and the said petition has been found to be in accordance therewith.

"We, therefore, recommend to the ways and means committee that the petition be submitted to the board of supervisors for action by the board, pursuant to the provisions of the statute."

The petition was referred to the bureau of taxation for Wayne county. In a letter dated September 30, 1953, the director of the bureau stated:

"We have reviewed carefully the boundary description of the territory to be included in the proposed city of Wayne and find the description to be accurate and sufficient."

On December 15, 1953, the board of supervisors, acting through its ways and means committee, made the following report:

"It is the considered judgment and opinion of the membership of your ways and means committee that the petition does not appear to conform to the provisions of PA 1909, No 279, as amended, and we therefore recommend that it be the finding of the membership of this board of supervisors that the petition does not conform to the act and the board take no further proceedings pursuant thereto."

Because of the report of its ways and means committee, the board of supervisors failed to call the election in accordance with said petition. On April 19, 1954, plaintiff filed a petition for writ of mandamus in the circuit court of Wayne county in which it is alleged:

"That the defendant has refused, and continues to refuse, to adopt a resolution directing that the question of incorporation of the aforesaid described territory to be known as the city of Wayne, in accordance with the prayer of the petition, be placed upon the ballot in the county of Wayne at the next general election or at a special election; and that the action of the said defendant in refusing so to do is, and was in violation of its clear legal duty as set forth in PA 1909, No 279, as amended, and that the refusal to act is arbitrary and in bad faith, and contrary to the laws of the State of Michigan.

"That the ways and means committee of the defendant made a report in writing to the defendant, a copy thereof is attached hereto, marked exhibit D, reference to which is hereby made, in which the following language is used, 'in their considered judgment and opinion' the petition did not appear to conform to the provisions of PA 1909, No 279, as amended, even though the legal advisor of the defendant had rendered a legal opinion as set forth herein,

which stated that the petition was in accordance with the said statute for the incorporation of the territory to be known as the city of Wayne.  *  *  *

"Wherefore, your petitioner prays that a writ of mandamus be issued out of and under the seal of this honorable court, directed to the board of supervisors of the county of Wayne, Michigan, commanding it to forthwith adopt a resolution directing that the question of annexing the territory described in the aforesaid petition be placed upon the ballot in the county of Wayne at the next general election or at a special election to be held prior thereto, and the petitioner further respectfully requests this honorable court under a writ of mandamus to order the board of supervisors of the county of Wayne to call a special meeting of said board for the purpose of adopting a resolution as aforesaid, and that this honorable court give such other and further relief as may be deemed proper and just under the circumstances."

On May 11, 1954, the prosecuting attorney for Wayne county filed a motion to dismiss the petition for writ of mandamus for the following reason:

"That the suit is not cognizable in mandamus, the remedy, if any, being by way of petition for writ of certiorari."

The claim of unreasonableness is based upon the following:

"1. That the proposed new boundary lines divide over 200 parcels of land and many buildings, including a schoolhouse.

"2. That it makes much more difficult the proper assessment of taxes and the payment thereof and complicates the furnishing of municipal services by the municipalities involved.

"3. That the area contained in the proposed city comprises 76.06% of the assessed valuation of the township and 51% of the population, which means that the city would receive $134,758.10, and the re-

mainder of the township comprising 60% of the area only $42,415.32.

"4. That the city would obtain practically all of the water and sewer systems, leaving the township with vestigial remnants, the operation of which would be most impracticable.

"5. That the remaining portions of the 2 townships affected would be isolated and nonselfsupporting."

The cause came on for trial and at its conclusion the trial court entered an order granting the writ of mandamus. In an opinion the trial court stated:

"There seems to be no question as to the sufficiency of the petition filed by the petitioner. No evidence to the contrary was presented at the hearing before this court, and a letter from the prosecutor of Wayne county attesting to the legal sufficiency of the petition was introduced into evidence at the hearing."

Defendant appeals and urges that under PA 1909, No 279, the board of supervisors is given power to pass upon the reasonableness of the petition to incorporate cities. That part of the act in question reads as follows:

"Said petition shall be addressed to the board of supervisors of the county in which the territory to be affected by such proposed incorporation, consolidation or change of boundaries is located, and shall be filed with the clerk of said board not less than 30 days before the convening of such board in regular session, or in any special session called for the purpose of considering said petition, and if, before final action thereon, it shall appear to said board or a majority thereof that said petition or the signing thereof does not conform to this act, or contains incorrect statements, no further proceedings pursuant to said petition shall be had, but, if it shall appear that said petition conforms in all respects to the provisions of this act, and that the statements

contained therein are true, said board of supervisors shall, by resolution, provide that the question of making the proposed incorporation, consolidation or change of boundaries shall be submitted to the qualified electors of the district to be affected at the next general election, occurring in not less than 40 days after the adoption of such resolution, and if no general election is to occur within 90 days, said resolution may fix a date preceding said general election for a special election on such question." (CL 1948, § 117.8 [Stat Ann 1949 Rev § 5.2087].)

Plaintiff urges that the power of the board of supervisors is expressly limited to (1) seeing that the petition conforms to the provisions of the act as to contents, limitation of area and population per square mile, and (2) checking that the statements in the petition are true. Once these ministerial acts are performed, the board of supervisors is bound to order the election.

In *Oakman* v. *Wayne Supervisors,* 185 Mich 359, 361, 362, we said:

"Act No 279 confers jurisdiction upon the board of supervisors, when a showing is made by petition in conformity with the several provisions of the statute. When this showing is made and is truthful, it appears to be mandatory upon the board to enter an order submitting the question of annexation to the electorate of the territory to be affected by such change."

In *Presque Isle Prosecuting Attorney* v. *Township of Rogers,* 313 Mich 1, 7, we said:

"The original petition by which the proceedings are initiated is addressed to the board of supervisors of the county and filed with the county clerk. If the petition is found to conform to the provisions of the act, the board of supervisors orders the election and sets the date, section 8 of the act (CL 1929, § 2244 [Stat Ann § 5.2087]). The board of supervisors

has no power to change the territory fixed by the petition. *Bray* v. *Stewart,* 239 Mich 340."

It is our opinion that the question of incorporation and annexation is a legislative one and that the board of supervisors has no power to pass upon the merits or reasonableness of the petition.

We note that the trial court opinionated upon the manner of voting. This issue is not before us and we decline to pass on it at this time.

The writ of mandamus will issue, but without costs, as the construction of a statute is involved.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.