SEVERANCE *v.* OAKLAND COUNTY BOARD OF SUPERVISORS.

1. MANDAMUS—PLEADING.
   Well-pleaded averments of the petition for writ of mandamus are accepted by Supreme Court on review of order dismissing such petition on an issue of law.

2. MUNICIPAL CORPORATIONS — ANNEXATION — INCORPORATION — CONSTRUCTION OF STATUTES.
   Two-year limitation upon frequency of presentation of petition for annexation of same territory to a city does not apply to petitions for incorporation of city, hence, action on second petition for incorporation of a city, presented to county board of supervisors some 3 months after first petition, was not subject to the 2-year limitation (CLS 1956, § 117.8).

3. Costs—PUBLIC QUESTION—CONSTRUCTION OF STATUTES—MUNICIPAL CORPORATIONS.
   No costs are allowed in suit involving construction of statute relative to incorporation of cities, a public question being involved (CLS 1956, § 117.8).

Appeal from Oakland; Quinn (Timothy C.), J., presiding. Submitted November 5, 1957. (Calendar No. 47,123.)  Decided March 4, 1958.

Mandamus by Wilson B. Severance and other property owners against the Oakland County Board of Supervisors and the County of Oakland, a municipal corporation, to restrain vote upon the incorporation of the proposed city of Rochester. Petition dismissed on motion. Plaintiffs appeal. Affirmed.

*Everett F. Hayes* (*Patterson & Patterson and Barrett,* of counsel), for plaintiffs.

*Harry J. Merritt,* Corporation Counsel, and *Charles A. Davis,* Assistant Corporation Counsel, for defendants.

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 37 Am Jur, Municipal Corporations § 7 *et seq.*

Smith, J. We have here a problem in statutory construction. It involves the attempted incorporation of a city and calls for an interpretaton of section 8 of PA 1909, No 279, as amended, being CLS 1956, § 117.8 (Stat Ann 1955 Cum Supp § 5.2087). The case comes here upon the dismissal, upon an issue of law, of a petition for writ of mandamus. We accept, therefore, the well-pleaded averments of the petition for the writ.

The incorporation of the proposed city of Rochester is involved. In the attempt to accomplish this purpose 3 petitions to incorporate were filed. The first petition we will call exhibit A, filed December 2, 1955, the second exhibit B, filed December 15, 1955, and the third exhibit C, filed March 7, 1956. (The last named was filed as a substitute for exhibit B. We are concerned only with exhibits A and C, which purport to describe substantially the same territory.) The boundaries committee found that exhibit A was fatally defective, but that exhibit C was in compliance with the statute and so reported to the Oakland county board of supervisors. The supervisors, at their April 10, 1956, meeting, resolved that exhibit A "be declared to be insufficient" and that "no further action be taken thereon." As to exhibit C, it was moved to resolve that it be "approved as to form and sufficiency" and that the question of incorporation be submitted to the electors on June 5, 1956. The latter matter was then tabled "until after the court case is decided."

As noted heretofore, this matter is before us upon appeal from the granting of the supervisors' and county's motion to dismiss the petition for peremptory writ of mandamus, which motion was embodied in their return to the order to show cause. The only question of substance raised by appellants relates to the timing as between exhibits A and C. Appellants urge that exhibit C (the final petition for incorpo-

ration) cannot lawfully be submitted to the electorate "within 2 years" after exhibit A (the defective petition) "has been considered" by the Oakland county supervisors. Therefore, since the defective exhibit A was rejected by the supervisors at their April 10, 1956, meeting, it follows, appellants argue, that exhibit C cannot be submitted to the people "while   *   *   *   exhibit A is on file, or within 2 years" after it "has been considered."

In support of this argument we are cited to section 8 of the act described above, reading as follows:

"Provided further, That a petition covering the same territory, or part thereof, shall not be considered by the board of supervisors oftener than once in every 2 years, unless such petition shall have been signed by a number of taxpayers assessed for real property taxes within the area proposed to be annexed whose names appear on the latest assessment rolls therein under the requirements of the general property tax, equal to 35% of the total number of names which appear on the assessment rolls prepared pursuant to said act as being assessed for real property taxes within the area proposed to be annexed, and it shall be the duty of the assessing officers who are charged with the duty of assessing real property within the area proposed to be annexed to report as of the date on which the petition is filed the total number of names on such rolls, within such area, to the clerk of the board of supervisors not more than 14 days after said filing date."

Obviously the subject words "a petition" do not stand alone. "A petition" for what? The reference at the commencement of the section is to "said petition," which, in turn, leads us back to section 6 (CL 1948, § 117.6 [Stat Ann 1949 Rev § 5.2085]), where we find that the petitions under consideration are petitions that:

"Cities may be incorporated or territory detached therefrom or added thereto, or consolidation made of 2 or more cities or villages into 1 city, or of a city and 1 or more villages into 1 city, or of 1 or more cities or villages together with additional territory not included within any incorporated city or village into 1 city."

Having thus defined the petition under consideration, section 6 then goes on, in a number of provisos, to deal with particular problems, the first proviso concerning the incorporation of a city from a village where there is no change of boundaries, the second proviso concerning itself with the problem of annexation where "there are less than 10 persons qualified to sign the petition," and so forth. Section 8, with which we are particularly concerned, follows the same general structure as section 6, dealing, in a series of provisos, with particularized fact situations respecting both incorporation and annexation. The question for us is this: Does this particular proviso, with its 2-year limitation, concern problems of "annexation" or "incorporation"? Upon analysis of the proviso, we find that the petition there referred to must be signed by taxpayers within a certain area. What area? The area "proposed to be annexed." The percentage of requirement of voters who must sign the petition is framed in terms of those assessed for real property taxes "within the area proposed to be annexed." The assessing officers, "within the area proposed to be annexed" are assigned certain duties. Upon an examination of the proviso as a whole, we cannot but conclude that the statutory plan, the grammatical construction, and the plain content of the words all refer to a petition for annexation. Before us, however, as appellees properly urge, is not a petition for annexation but for incorporation. As to such, the 2-year limitation does not apply.

There is no merit in additional questions presented.

Affirmed. No costs, a public question.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.