ATTORNEY GENERAL, *ex rel.* MULLANE, *v.* TOWNSHIP OF WYOMING.

1. MUNICIPAL CORPORATIONS — INCORPORATION — PETITIONS — FREQUENCY OF CONSIDERATION BY BOARD OF SUPERVISORS.
   A second petition for incorporation of township as a home-rule city was not subject to statutory limitation that petitions be not considered by board of supervisors if presented within 2 years of prior petition, since the limitation applies to petitions for annexation, not incorporation of a new city (CLS 1956, § 117.8).

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur, Municipal Corporations § 7 *et seq.*

2. Costs—Public Question—Incorporation of a City.
   No costs are allowed in quo warranto proceeding wherein the validity of proceedings to incorporate a city was involved, a public question being presented (CLS 1956, § 117.8).

Original proceeding in quo warranto by Attorney General, on relation of Robert Mullane and others, against the Township of Wyoming, a municipal corporation, Robert Christian, Jr., and others individually and as elected charter commissioners of the proposed City of Wyoming, challenging validity of election in which incorporation was approved. Submitted March 14, 1958. (Docket No. 71, Calendar No. 47,411.) Writ denied and information dismissed June 12, 1958.

*Paul L. Adams*, Attorney General.

*Schmidt, Smith, Howlett & Halliday*, for relators.

*Walsh, Levandoski & Mitus*, for defendant Wyoming Township, supporting relators.

*Livingston, McDonald & Anderson*, for defendant charter commission and its individual members.

Smith, J. The case involves an attempted incorporation of a city.

On May 4, 1956, a petition was submitted to the Kent county board of supervisors asking for submission to the electors of Wyoming township of the question of the incorporation of the said township as a home-rule city. In a special election held for this purpose on August 7, 1956, the proposal was defeated. On December 5, 1956, another such petition was filed, asking for resubmission of the above proposal. The board of supervisors directed a resubmission to the electors, and election was held on

April 1, 1957, at which 3,338 votes were cast in favor of incorporation and 2,499 votes against. The individual defendants were, at the same time, elected charter commissioners for the proposed city of Wyoming. The attorney general, on relation of plaintiffs, filed in this Court an information in the nature of quo warranto, challenging the validity of the election because of failure to comply with section 8 of PA 1909, No 279, the home rule act, as amended, being CLS 1956, § 117.8 (Stat Ann 1957 Cum Supp § 5.2087), and calling upon the defendants to show cause by what warrant they claimed to exercise their asserted official powers.

The controversy concerns the following language of the said section 8, reading, in part, as follows:

"Provided, further, That a petition covering the same territory, or part thereof, shall not be considered by the board of supervisors oftener than once in every 2 years, unless such petition shall have been signed by a number of taxpayers * * * within the area proposed to be annexed * * * equal to 35% of the total number of names which appear on the assessment rolls * * * within the area proposed to be annexed."

Since both parties agree that the second petition did not possess 35% of the requisite signatures, plaintiffs urge that the election is void because the 2-year interim was not observed. Plaintiffs support their position (in an argument the details of which need not be fully set forth here) by contending that a construction of the whole of section 8, and the statute, shows that "annexation" used in the above proviso was not employed in its technical sense, and that in this proviso the legislature meant "to place a time limit upon reconsideration of petitions affecting the territorial boundaries of [a] * * * city, including petitions for incorporation." The defendants reply that the requirements of section 8 are,

by their terms, plainly applicable only to annexations, not to incorporations, and that this is a proceeding looking towards incorporation.

Our decision herein is controlled by the case of *Severance* v. *Oakland County Board of Supervisors,* 351 Mich 173, decided March 4, 1958, construing this same section of the act.

The writ is denied and the information dismissed. No costs, a public question.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., did not sit.