GOETHAL *v.* KENT COUNTY SUPERVISORS.

1. MANDAMUS—ANNEXATION PETITIONS.

   Mandamus was the proper procedure to use by party seeking to compel the submission of proposals to the electorate in areas for which petitions had been filed for annexation to a city.

2. STATUTES—CONSTRUCTION—INTENT.

   The legislative intent must be gathered from the language used in a statute, if possible, and such language should be given its ordinary meaning unless a different interpretation is indicated.

3. WORDS AND PHRASES—ALTERNATIVE.

   The term "alternative" means an opportunity for choice between 2 things, courses, or propositions, either of which may be chosen, but not both.

4. STATUTES—ALTERNATIVE ANNEXATION PROCEDURE.

   A statute which provided an alternative procedure for annexation to cities under certain circumstances is not construed as requiring the use of a particular alternative in the absence of language making it mandatory to do so.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur, Elections § 116.
[2] 50 Am Jur, Statutes § 238.
[4, 5, 11] 37 Am Jur, Municipal Corporations § 31.
[6] 37 Am Jur, Municipal Corporations § 7.
[7] 11 Am Jur, Constitutional Law § 225.
[8, 9] 11 Am Jur, Constitutional Law § 227.
   Power to extend boundaries of municipal corporations. 64 ALR 1335.
   Constitutionality of statutes for change of municipal corporations as affected by objection that they confer nondelegable powers, or impose nonjudicial functions, on a court. 69 ALR 266.
[10] 18 Am Jur, Elections §§ 102–104.
[12] 14 Am Jur, Costs § 91.

5. MUNICIPAL CORPORATIONS—ANNEXATION—PETITIONS—SIGNATURES.

Statute providing that proceeding to annex territory to a city could be commenced by petitions signed by 1% of the population of the territory affected thereby, with a minimum number of 100, with not less than 10 from each city, village, or township affected by the proposed change or in lieu thereof that signatures of owners of record legal title of 1/2 of the area annexed would suffice where there are less than 10 persons qualified to sign the petition living in the unincorporated territory is construed as providing for permitting, not requiring, the use of the alternative method where there are less than 10 persons qualified in area proposed to be annexed (CL 1948, § 117.6, as last amended by PA 1957, No 210).

6. SAME—ANNEXATION—BOUNDARIES—LEGISLATURE—HOME RULE.

The power to provide for the incorporation of municipalities, annexation to, and changes of boundaries thereof rests entirely in the legislature, not the courts, subject to provisions of the Constitution designed to afford the rights and privileges of home-rule government.

7. CONSTITUTIONAL LAW—SEPARATION OF POWERS—LEGISLATURE—COURTS.

Any attempt to vest courts with legislative authority would be invalid in view of the recognized division of powers between the different departments of government.

8. SAME—COURTS—LEGISLATURE—MUNICIPAL CORPORATIONS.

Courts may determine what are the corporate limits of a municipality already established, determine whether what is claimed by the municipal authority to be the corporate limits is so or not, and inquire whether the legislative authority has exceeded the powers with which it is invested but a court may not determine whether or not certain territory should be annexed to a municipal corporation as that would be a conferral of legislative power upon the courts that is unconstitutional.

9. MUNICIPAL CORPORATIONS—ANNEXATION—COURTS.

Whether or not circumstances exist that justify or make it desirable for annexation to a city to take place is not a question which courts may determine.

10. SAME—PETITIONS FOR ANNEXATION—BOARD OF SUPERVISORS—COURTS.

The board of supervisors may not reject petitions to annex territory to a city, where the petitions were duly submitted to it and contain a sufficient number of valid signatures on

each petition, merely because a majority of the board disapproved of the results which might follow and on certiorari to review action of circuit court in granting mandamus to compel submission of the matter of annexation to the electorate, and the courts are likewise without power to reject such petitions (CL 1948, § 117.6, as last amended by PA 1957, No 210).

11. Same—Annexation—Incorporation—Time—Statutes.

Proviso of home-rule act limiting manner in which annexation proceedings might be conducted on petitions filed less than 2 years following petitions relative to same or some of the territory involved theretofore does not apply to bar annexation proceedings commenced less than 2 years after petitions had been .filed to incorporate township as a city (CLS 1956, § 117.8).

12. Costs—Construction of Statutes—Annexation.

No costs are allowed on certiorari reviewing action of circuit court granting mandamus to require submission to electorate of matter of annexation of townships' territory to city, questions of statutory interpretation being involved.

Appeal from Kent; Carland (Michael), J., presiding. Submitted June 7, 1960. (Calendar Nos. 48,662, 48,663, 48,664, 48,665.) Decided September 15, 1960.

Four actions of mandamus by Valjean L. Goethal against the Board of Supervisors of Kent County to compel election on annexation petitions. The townships of Grand Rapids and Walker and the city, formerly township, of Wyoming intervened as parties defendant. Cases consolidated for trial and appeal. Judgment for plaintiff. Defendants appeal. Affirmed.

*Dilley & Dilley* (*Albert R. Dilley*, of counsel), for plaintiff.

*George R. Cook, Strawhecker & McCargar,* and *Varnum, Riddering, Wierengo & Christenson* (*F. William Hutchinson* and *Eugene Alkema*, of counsel), for defendants.

CARR, J.  This proceeding involves the following facts.  On July 22, 1958, four petitions addressed to the defendant board were filed with the Kent county clerk, said petitions seeking the annexation to the city of Grand Rapids of certain territory contiguous thereto.  Two proposals involved areas in Walker township and the others lands located respectively in the townships of Grand Rapids and Wyoming. Said petitions were duly submitted to the board of supervisors and were referred to the committee on annexation, incorporation, and consolidation.  Investigation by local officials apparently indicated that there was a sufficient number of valid signatures on each petition.  The committee also sent questionnaires to affected property owners and to school districts concerned, making reports to the board from time to time.

Following the final report by the committee, defendant board adopted the following resolution:

"Whereas petitions have been filed for the annexation of certain land from the townships of Walker, Grand Rapids, and Wyoming (now the city of Wyoming) from these respective townships to the city of Grand Rapids and said petitions have been reviewed by this board.

"Be it resolved that the petitions for the annexation of said properties to the city of Grand Rapids are hereby declared and found to be not in conformity with the provisions of PA 1909, No 279, as amended, that the signing thereof is not sufficient and that the petitions contain incorrect statements.

"Be it further resolved that no further proceedings pursuant to said petitions shall be had."

It will be noted that the said resolution did not specify wherein the petitions failed to conform with the provisions of the statute, nor did it indicate wherein the signing thereof was insufficient or statements therein incorrect.  Being dissatisfied with the

action of the board the plaintiff filed petitions in comparable form and substance in the circuit court of Kent county seeking appropriate writs requiring the submission of the several proposals to the voters in the respective districts affected thereby. Such procedure was in accordance with that observed in *Attwood* v. *Wayne County Supervisors,* 349 Mich 415. Plaintiff's pleadings alleged in substance that the annexation petitions were in proper form and complied with the statute, and that it was the duty of defendant board to submit the questions of making the proposed changes of boundaries as sought. Defendant board by answer denied the right of the petitioner to the relief sought, asserting that the petitions for the annexations in question were not in accord with the statutory requirements, that if the proposals were submitted and adopted various units of government would be deprived of property without due process of law, and asserting further that the reasonableness of the petitions and the sufficiency thereof were subject to its determination. By amendment to the answer it was further alleged that the said petitions were insufficient and incorrect for the reason that the owners of property sought to be annexed to the city of Grand Rapids had not signed them, and that there were other objections with reference to the signing of the petitions. The townships of Walker, Grand Rapids, and Wyoming intervened as parties defendant and filed answers in accord with that of the board of supervisors.

On the hearing in the trial court it was the claim of the defendants that under the pertinent provision of the statute the petitions for annexation were insufficient because not signed by the owners of more than 50% of the property in each of the different parcels to be detached from the townships and annexed to the city. This argument was based on the

language of section 6 of the city home rule act\* (CL 1948, § 117.6, as last amended by PA 1957, No 210 [Stat Ann 1959 Cum Supp § 5.2085]), which reads in part as follows:

"Cities may be incorporated or territory detached therefrom or added thereto, or consolidation made of 2 or more cities or villages into 1 city, or of a city and 1 or more villages into 1 city, or of 1 or more cities or villages together with additional territory not included within any incorporated city or village into 1 city, by proceedings originating by petition therefor signed by qualified electors who are freeholders residing within the cities, villages or townships to be affected thereby, to a number not less than 1% of the population of the territory affected thereby according to the last preceding United States census, or according to a census to be taken as hereinafter provided, which number shall be in no case less than 100, and not less than 10 of the signatures to such petition shall be obtained from each city, village or township to be affected by the proposed change: Provided, That in the incorporation of a city from an existing village without change of boundaries the requisite number of signatures may be obtained from throughout the village without regard to the townships in which the signers are residents: Provided further, That as an alternate method in the case of an annexation proceeding in which there are less than 10 persons qualified to sign the petition living in that unincorporated territory of any township or townships proposed to be annexed to a city, that the signatures on the petition of persons, firms, corporations, the United States government, or the State or any of its subdivisions who collectively hold record legal title to more than 1/2 of the area of the land exclusive of streets, in the territory to be annexed at the time of filing the petition,

\* PA 1909, No 279, as amended (CL 1948, § 117.1 *et seq.*, as amended [Stat Ann 1949 Rev and Stat Ann 1959 Cum Supp § 5.2071 *et seq.*]).

will suffice in lieu of obtaining 10 signatures from the township in which such area to be annexed lies."

The petitions filed alleged that there were no qualified electors residing within the areas proposed to be annexed to the city of Grand Rapids. Assuming the correctness of such statement, it was the position of the defendants in the trial court, and it is their position on this appeal, that the petitions were insufficient because the "alternate method" set forth in the statutory language above quoted was not followed. In other words, it was asserted that the petitions were fatally defective because not signed by the owners of the record legal title to more than 1/2 of the area of the land, exclusive of streets, in each area to be annexed. On behalf of plaintiff such construction of the statutory provision was challenged, it being claimed in substance that the language of the statute necessarily implies that in the signing of the annexation petitions either method specified in the language above quoted may be followed. The trial judge agreed with plaintiff's claim as to the interpretation of the expression "alternate method." The judge further concluded that the matter of annexation proceedings was subject to control by the legislature and that the courts may not impose restrictions in cases of this character, based on size, shape, location or character of the areas proposed to be annexed, or inquire into the motives of the signers of the annexation petitions. Based on his analysis of the situation he determined that there was a clear legal duty on the part of the defendant board, as claimed by plaintiff, and accordingly judgment was entered that a writ of mandamus issue commanding the defendant board to take action for the submission to the respective districts affected thereby the annexation proposals in question. From

such judgment defendants, on leave granted, have taken an appeal in the nature of certiorari.

It is the claim of the appellants that the trial judge was in error in failing to construe the statute above quoted as requiring, there being less than 10 persons qualified to sign an annexation petition in each area proposed to be annexed to the city, that the petitions in the instant proceedings be held insufficient because not signed by the holders of the record legal title of more than 1/2 of the areas of such parcels. It is a cardinal rule of statutory construction that the legislative intent must be gathered from the language used, if possible, and that such language shall be given its ordinary meaning unless a different interpretation is indicated. Webster's New International Dictionary (2d ed), p 77, defines the term "alternative," which is synonymous with "alternate," used as an adjective, as:

"An opportunity for choice between 2 things, courses, or propositions, either of which may be chosen, but not both."

Such definition was cited with approval in the case of *Abernathy* v. *Rylee,* 209 Ga 317 (72 SE2d 300). We think it may fairly be accepted as expressing the ordinary conception of the term in question. The language of the statute is in accord therewith. It will be noted that the legislature did not say that if there were less than 10 persons residing in the territory to be annexed who were qualified to sign the petition that the signatures of the owners of more than 1/2 of the land in the area proposed to be annexed *must* be obtained. Rather, it is stated that the signatures of property owners "will suffice in lieu of" the previously specified 10 signatures from the township in which the area lies. In other words, had it been the intention of the legislature to make mandatory the adoption of the so-called alternate

method in cases of the character now before us, it must be assumed that appropriate language expressing such intent would have been used.

It appears from the wording of the statute that it was intended to provide an optional method that might be followed in the event that the property owners concerned desire annexation but are unable to obtain the requisite number of signatures from the township from which they seek to be detached. Such was the method followed in *Kalamazoo Township* v. *Kalamazoo County Clerk,* 339 Mich 619. It may be noted that in such proceeding the petitions were addressed to the board of supervisors of the county rather than to the common council of the city and the township board of the township, as contemplated by the so-called "alternate method" specified in section 9 of the home-rule act (CLS 1956, § 117.9 [Stat Ann 1959 Cum Supp § 5.2088]). We think the trial judge correctly determined in the case now before us that the annexation petitions were not insufficient because the alternate method provided in section 6 of the home-rule act was not followed.

This brings us to the question whether, as claimed by appellants, this Court should consider the reasonableness of the proposed annexations to the city of Grand Rapids and hold that the trial court should have refused to grant the remedy of mandamus because of results prejudicial to the appellant townships and city and to school districts, as well as to individual property owners, that it is claimed will follow if the annexation proceedings accomplish their purpose. The power to provide for the incorporation of municipalities rests in the legislature of the State, subject to constitutional provisions designed to afford the rights and privileges of home-rule government. In the statute, provisions of which are here involved, the legislature has exercised its

authority, and as incident thereto has provided for the changes of the boundaries of municipalities through certain definite procedures. Problems pertaining thereto are essentially legislative in character. No attempt has been made to vest in the courts authority to interfere in such proceedings on the ground that the objectives sought to be effected are unreasonable. In view of the recognized division of powers between the different departments of government any attempt to vest the courts with legislative authority would be invalid.

In 2 McQuillin, Municipal Corporations (3d ed), § 7.10, it is said:

"The extension of the boundaries of a city or town is viewed as purely a political matter, entirely within the power of the State legislature to regulate."

In accordance with the language quoted is the further statement in section 7.12 of the same work:

"Finally it should be borne in mind that 'the same power cannot be either legislative or judicial, as the legislature may incline to retain it, or surrender it to the judiciary. If the boundaries of municipal corporations can be altered and changed by the legislature, in its discretion, and the authorities are all that way, then it is impossible that the courts can be invested with such power. Courts may determine what are the corporate limits already established; they may determine whether what is claimed by the municipal authority to be the corporate limits is so or not, and they may inquire whether the legislative authority has exceeded the powers with which it is invested; but all this implies an existing law, applicable to the particular subject, and the inquiry is, what is the law, and has it been violated or complied with? Here, however, the inquiry is, what shall the law be, as respects the boundaries of this city; shall it be as designated by its charter, or shall it be as prayed by the petitioners?' Then a

court has no authority to act as the matter is for the legislature. If a statute requires the court to determine whether or not certain territory should be annexed to a municipal corporation, it is invalid as conferring legislative power on the courts."

Of similar nature is the following statement in 69 ALR 266, 267, in an annotation discussing at some length the delegation of legislative authority:

"It may be stated as a general rule, supported by practically all of the cases in which the proposition is considered, that the creation, enlargement, or diminution of political districts or municipal corporations is a legislative function, and that a statute which delegates the performance of this function to the judiciary, and leaves to the discretion of that body the determination of the circumstances which will justify the creation of a district or corporation, or the circumstances which will justify an enlargement or diminution of such a political subdivision, violates the constitutional provision separating the powers of the government into legislative, executive, and judicial departments."

The proposition here at issue was before the supreme court of Iowa in *State* v. *Town of Riverdale,* 244 Iowa 423 (57 NW2d 63), which involved proceedings for the annexation of property to a municipality of the State. In passing on the nature of the function it was said (p 428):

"The incorporation of a municipality is purely a legislative function. The power to create municipalities cannot be delegated to the judicial branch of government. The power to extend the boundaries of a municipality is an exercise of the power to create a municipality and is within the exclusive power of the legislative branch of government."

In support of its conclusion the Iowa court cited prior decisions from that State and also from other States. The principle announced is in accord with

the prior holdings of this State. See *Village of Kingsford* v. *Cudlip,* 258 Mich 144; *Attwood* v. *Wayne County Supervisors, supra.*

In the *Attwood Case* it was said (p 421):

"It is our opinion that the question of incorporation and annexation is a legislative one and that the board of supervisors has no power to pass upon the merits or reasonableness of the petition."

The statement that matters relating to incorporation and annexation are legislative in character necessarily excludes authority on the part of the courts to interfere in such a proceeding on the ground that the purpose to be achieved by following the legislative procedure is unreasonable because inconsistent with the rights of property owners, or of political subdivisions or municipalities. Moreover, in the instant case we are reviewing on certiorari a mandamus proceeding. The question before the trial court was whether the board of supervisors owed a clear legal duty to submit the propositions to the voters of the different districts affected thereby as shown by the petitions filed. The circuit judge was right in holding that the board could not reject the petitions because a majority of its members disapproved of the results that might follow.

Counsel for appellants have called attention to the fact that in *Presque Isle Prosecuting Attorney* v. *Township of Rogers,* 313 Mich 1, the Court discussed to some extent the claim that the incorporation of the city of Rogers City was invalid because of the incorporation of certain territory therein. The Court did not pass on the question as to whether the reasonableness of such a proceeding is a proper matter for judicial inquiry. The trial judge had considered the question, raised by the plaintiff in support of his contention that the election was invalid, whether the proposed boundaries of the new

city were in fact unreasonable. This Court agreed with the finding of the trial judge that such claim was not well-founded. It is significant that in reaching its conclusion that the proceeding was properly dismissed in circuit court it was said (p 7), citing *Bray* v. *Stewart,* 239 Mich 340, that:

"The original petition by which the proceedings are initiated is addressed to the board of supervisors of the county and filed with the county clerk. If the petition is found to conform to the provisions of the act, the board of supervisors orders the election and sets the date, section 8 of the act (CL 1929, § 2244 [Stat Ann § 5.2087]). The board of supervisors has no power to change the territory fixed by the petition."

As before noted, one of the parcels of land sought to be annexed to the city of Grand Rapids was located in Wyoming township, now the city of Wyoming. Petitions for the incorporation of said township as a city were filed pursuant to the statute on December 5, 1956. The annexation petitions involved in the instant case were delivered to the county clerk for submission to the defendant board on July 22, 1958. It is the claim of the appellants board of supervisors and city of Wyoming that the annexation petition was improper because filed less than 2 years after the petition for incorporation under which proceedings were taken resulting in the formation of the city. Attention is called to section 8 of the home rule act (CLS 1956, § 117.8 [Stat Ann 1959 Cum Supp § 5.2087]) which contains the following provision:

"Provided further, That a petition covering the same territory, or part thereof, shall not be considered by the board of supervisors oftener than once in every 2 years, unless such petition shall have been signed by a number of taxpayers assessed for real property taxes within the area proposed to be an-

nexed whose names appear on the latest assessment rolls therein under the requirements of the general property tax, equal to 35% of the total number of names which appear on the assessment rolls prepared pursuant to said act as being assessed for real property taxes within the area proposed to be annexed, and it shall be the duty of the assessing officers who are charged with the duty of assessing real property within the area proposed to be annexed to report as of the date on which the petition is filed the total number of names on such rolls, within such area, to the clerk of the board of supervisors not more than 14 days after said filing date."

It will be noted that the language above set forth refers specifically to real property "within the area proposed to be annexed." This indicates that the proviso on which appellants rely was intended to apply solely to annexation proceedings under the statute. It was so held in *Severance* v. *Oakland County Board of Supervisors,* 351 Mich 173, and again in *Attorney General, ex rel. Mullane* v. *Township of Wyoming,* 352 Mich 649. There was but one annexation proceeding affecting lands in Wyoming township and it was entitled to consideration by the board of supervisors without reference to the incorporation proceeding under which the township became a city prior to the action by the board rejecting the petition involved in the instant case. The carrying out of the mandate of the judgment entered in circuit court is not precluded because of the provision, above quoted from section 8 of the home-rule act, on which appellants rely.

The judgment from which the appeal has been taken is affirmed, but without costs, questions of statutory interpretation being involved.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.