GODWIN HEIGHTS PUBLIC SCHOOLS v. KENT COUNTY
BOARD OF SUPERVISORS.

1. MUNICIPAL CORPORATIONS—HOME-RULE CITIES—ANNEXATION PE-
TITIONS—FREQUENCY.
 The board of supervisors is restricted in its consideration of peti-
 tions for the annexation of territory to a home-rule city to
 a minimum of 2 years between petitions affecting the same
 or a part of the same territory unless 35% of the taxpayers
 sign the later petition, a restriction which does not apply to
 incorporation or consolidation petitions (CLS 1956, § 117.8).

2. SAME—HOME-RULE CITIES—ANNEXATION.
 The statutory 2-year limitation as to petitions for annexation of
 territory to a home-rule city is not limited to successive peti-
 tions for annexation to the same city (CLS 1956, § 117.8).

3. SAME—HOME-RULE CITIES—ANNEXATION—PETITIONS.
 Petition for annexation to one home-rule city which does not
 present a proposal entitled to be submitted to the voters
 cannot stand as a bar to submission of a proposal for annexa-
 tion to another city, which qualifies for submission (CLS 1956,
 §§ 117.8, 117.8a).

4. EQUITY—JURISDICTION—INJUNCTION—SUIT COMMENCED BEFORE
ELECTION—VALIDITY OF ANNEXATION PETITIONS—QUO WARRANTO.
 A court of chancery has jurisdiction in suit for injunction to
 make a determination, on bill filed before an election is held,
 as to validity of annexation petitions to home-rule cities in-
 volving the same territory, quo warranto not being the exclusive
 remedy available to plaintiff school district (CLS 1956, §§ 117-
 .8, 117.8a).

5. COSTS—PUBLIC QUESTION—ANNEXATION TO HOME-RULE CITIES.
 No costs are allowed in suit to determine validity of annexation
 petitions to home-rule cities, a public question being involved
 (CLS 1956, §§ 117.8, 117.8a).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 37 Am Jur, Municipal Corporations § 23 et seq.
[4] 18 Am Jur, Elections § 326; 28 Am Jur, Injunctions § 250 et
seq.
[5] 14 Am Jur, Costs § 37.

Appeal from Kent; Searl (Fred N.), J. Submitted June 7, 1961. (Docket No. 23, Calendar No. 49,155.) Decided June 28, 1961.

Bill by Godwin Heights Public Schools, Kent County, an organized school district, against the Board of Supervisors of Kent County to enjoin submission of vote on annexation of 2 parcels of land to the city of Grand Rapids and to compel submission of vote on annexation of territory to city of Wyoming. Bill dismissed. Plaintiff appeals. Affirmed.

*Strawhecker & McCargar,* for plaintiff.

*Vander Veen, Freihofer, Cook & Bryant (George R. Cook,* of counsel), for defendant.

DETHMERS, C. J. Plaintiff, a third class school district, filed its bill of complaint on January 31, 1961, seeking to enjoin defendant county board of supervisors from submitting to the electors the question of annexing 2 portions of Paris township in Kent county, also included within the boundaries of plaintiff school district, to the city of Grand Rapids and to compel submission of the question of annexing to the city of Wyoming certain territory including part of said 2 portions of Paris township. From an order dismissing the bill of complaint plaintiff appeals here.

Necessary to consideration of the legal problems presented is the following sequence of events:

(1) At an election on December 8, 1959, following approval by the defendant of petitions therefor, the electors voted down a proposal to detach certain territory from Paris township and annex it to the city of Grand Rapids.

(2) On November 29, 1960, a petition to annex a part of that same territory to the city of Wyoming

was filed with the clerk of the board of supervisors. It bore the signatures of qualified electors who were freeholders residing in the city of Wyoming and the township of Paris totaling not less than 1% of the population of the 2 units, with not less than 10 from each unit and a total from the 2 of not less than 100. It was not signed by taxpayers assessed for real property taxes within the area proposed to be annexed equal in number to 35% of the total number of names which appeared on the assessment rolls for that purpose in that area.

(3) On December 5, 1960, petitions were similarly filed to annex to the city of Grand Rapids a part of the territory involved in each of the above 1959 and November, 1960, petitions. The December 5, 1960, petitions did bear the signatures of 35% of those assessed for real property taxes on the assessment rolls in the area to be annexed.

(4) Since the trial court's hearing and decision in this cause on February 7, 1961, the matter of annexation to the city of Grand Rapids, in accord with the December 5, 1960, petitions, was submitted on April 3, 1961, and carried by the electors.

Section 8 of PA 1909, No 279 (CLS 1956, § 117.8 [Stat Ann 1959 Cum Supp § 5.2087]), provides:

"Said petition shall be addressed to the board 'of supervisors of the county in which the territory to be affected by such proposed incorporation, consolidation or change of boundaries is located, * * * and if, before final action thereon, it shall apear to said board or a majority thereof that said petition or the signing thereof does not conform to this act, or contains incorrect statements, no further proceedings pursuant to said petition shall be had, but, if it shall appear that said petition conforms in all respects to the provisions of this act, and that the statements contained therein are true, said board of supervisors shall, by resolution, provide that the

question of making the proposed incorporation, consolidation or change of boundaries shall be submitted to the qualified electors * * * Provided further, That a petition covering the same territory, or part thereof, shall not be considered by the board of supervisors oftener than once in every 2 years, unless such petition shall have been signed by a number of taxpayers assessed for real property taxes within the area proposed to be annexed whose names appear on the latest assessment rolls therein under the requirements of the general property tax, equal to 35% of the total number of names which appear on the assessment rolls."

Section 8a (CLS 1956, § 117.8a [Stat Ann 1959 Cum Supp § 5.2087(1)]) provides:

"In case a petition has been filed with the clerk pursuant to section 8, and subsequently another petition is filed by other petitioners proposing to affect the same territory in whole or part, then the *subsequently filed petition shall not be submitted* to the electors while in conflict with the prior petition: Provided, however, That if such prior petition on file is one on which the board of supervisors has not finally set the date for an election, and such subsequent petition has been filed as a substitute therefor encompassing all of the same territory and having among its signers at least 4/5 of the qualified petitioners shown on such prior petition, then the board shall act on such subsequent petition in the place and stead of said prior one. If the board finds that said substitute petition complies with the provisions of this act, an election shall be called thereon; otherwise the election shall be held on such prior petition if it complies with this act."

Plaintiff school district is interested because the city of Grand Rapids comprises a second class school district and, under the applicable statute,* territory

---

* CLS 1956, § 340.143 (Stat Ann 1959 Rev § 15.3143).

annexed to that city is also thereby annexed to its school district and, hence, would be detached from plaintiff here.  On the other hand, the city of Wyoming does not comprise a second class school district and, accordingly, annexation of a part of plaintiff's territory to it would leave plaintiff without loss of territory.

Plaintiff urges that the inhibition of section 8 against the supervisors' consideration of a petition covering the same territory, or part thereof, oftener than once in 2 years, unless there is compliance with the 35% provision, applies, if at all, only to proposed annexation of the same territory, or part thereof, to the same city and not if the second proposal be for annexation to a different city than the first.  Plaintiff says the statutory language is, in this respect, ambiguous and that, for that reason, citing cases, it requires construction or interpretation.  Its reasoning that the statute is ambiguous seems far less clear than does the language of the statute itself.

We have already said that the 2-year restriction applies, not to petitions for incorporation or consolidation but solely to those for annexation.  *Severance* v. *Oakland County Board of Supervisors,* 351 Mich 173; *Attorney General* v. *Township of Wyoming,* 352 Mich 649; *Goethal* v. *Kent County Supervisors,* 361 Mich 104.  The petitions filed on the 3 different dates herein mentioned are, thus, of the kind covered by the statutory 2-year restriction. That the same territory, or parts thereof, is covered in each of the 3 petitions is conceded.  The language of the statute, applicable, as we have held, only to annexation petitions, expressly making the restriction applicable to petitions covering the same territory, or parts thereof, does not limit the restriction to a successive petition within 2 years for annexation to the same city named in the petition pre-

viously filed. Having expressed no such limitation, we conclude that none was intended by the legislature. Plaintiff warns that this amounts to a pernicious oversimplification. Must the plain and simple language of the statute be made complex? May we insert a limitation not included in the unambiguous statutory language? By no means.

Plaintiff reasons that the literal reading of the statute leads to an absurd result; that the evil sought to be avoided by the legislature was the repeated bombarding of the electorate with proposals to annex to the same city, repetition of which would tend to have a coercive effect. May it not equally have been the legislative thought that, after 1 adverse decision by the voters, such would be the effect on township residents content to remain in that status, regardless of whether the drive or campaign in each successive instance were for annexation to 1 or to different cities? Could the intent have been to afford them some peace and surcease from pressures, some time to ponder the problems involved before being called on again to vote on the subject of joining some city? Such possibility precludes holding, as plaintiff urges, that the literal meaning of the statute is absurd and that plaintiff's interpretation only can be considered reasonable and valid. We think the trial court correct in holding that the restriction applied to the Wyoming petitions, rendering them ineligible for consideration by the board of supervisors or submission to the electorate.

Do the quoted provisions of section 8a bar submission to the electors of the proposed annexation to Grand Rapids so long as the previously filed Wyoming petitions remain unsubmitted? If the latter are not entitled to submission to the voters, they cannot stand as a bar to submission of a proposal presented by petitions which do qualify. Furthermore, as the trial court observed, the in-

hibition of section 8a applies to instances in which the previous petitions have been filed pursuant to section 8. Here the Wyoming petitions were not so filed, because they did not meet the 35% requirement contained in section 8.

It follows that the defendant was required by statute to submit to the electors the proposal to annex to the city of Grand Rapids, as set forth in the petitions filed on December 5, 1960.

Defendant urges a lack of jurisdiction in the court in equity, suggesting quo warranto as the plaintiff's exclusive remedy. Cited are *Youells* v. *Morrish,* 218 Mich 194; *Anderson* v. *Levin,* 218 Mich 225; *Lake* v. *Township of North Branch,* 314 Mich 140; *Finlayson* v. *Township of West Bloomfield,* 320 Mich 350; *Heidelmeyer* v. *Village of Oakwood,* 222 Mich 331. Among other distinguishing features is the fact that in each of those cases the action was filed after the challenged election had been held, while in the instant case this action was filed before the election. For comparable cases, see *Kalamazoo Township* v. *Kalamazoo Supervisors,* 349 Mich 273, and *Village of Inkster* v. *Wayne County Supervisors,* 363 Mich 165. We think this matter properly brought before and disposed of by the court in chancery.

Affirmed. No costs, a public question being involved.

Carr, Kelly, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.