CAVANAGH *v.* CALHOUN COUNTY BOARD
OF CANVASSERS.

1. MUNICIPAL CORPORATIONS—ANNEXATION OF TERRITORY OF ONE
CITY TO ANOTHER.

There must be approval by a majority vote favorable to annexation of unpopulated territory in city of less than 15,000 population to another city other than fractional parts of platted subdivision lots located at the common boundary and such majority must be of the entire city and in each of them to accomplish the annexation (CLS 1956, § 117.9).

2. COSTS—ANNEXATION—CITIES.

No costs are allowed in suit to determine validity of annexation of territory by one city from territory of another city (CLS 1956, § 117.9).

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted October 11, 1960. (Docket No. 55, Calendar No. 48,549.) Decided October 31, 1960. Opinion filed November 2, 1960.

Certiorari by Howard W. Cavanagh, a registered elector residing in Battle Creek, against the Calhoun County Board of Canvassers to review determination that annexation proposal failed to pass. City of Springfield, a municipal corporation, intervened as party defendant. Judgment for plaintiff. Intervening defendant appeals. On appeal City of Battle Creek, a municipal corporation, intervenes as party plaintiff, Paul L. Adams, Attorney General, and

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Municipal Corporations § 30.
  Power to extend boundaries of municipal corporation. 64 ALR 1335.
[2] 14 Am Jur, Costs § 22.

James M. Hare, Secretary of State, intervene as parties defendant. Reversed and remanded for dismissal of writ.

*Allen, Allen & Scatterday (John M. Allen,* of counsel) and *Ford, Kriekard & Brown,* for plaintiff.

*R. W. Harbert, Jr.,* for intervening plaintiff City of Battle Creek.

*Joseph V. Wilcox (George R. Sidwell,* of counsel), for intervening defendant City of Springfield.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *G. Douglas Clapperton,* Assistant Attorney General, for intervening defendant Attorney General.

PER CURIAM.   Plaintiff Cavanagh sued out certiorari in the Calhoun circuit to review a determination by the Calhoun county board of canvassers that an election purposed toward annexation of certain territory* in the home-rule city of Springfield (a city "of 15,000 or less"), to the adjacent home-rule city of Battle Creek, failed to carry for want of a majority vote of the qualified electors of Springfield.   The circuit court reversed the board's determination.   Its judgment is here for review on application and grant of leave.

The case calls for interpretation and application of section 9 of the so-called home-rule city act of 1909, as amended (CLS 1956, § 117.9 [Stat Ann 1959 Cum Supp § 5.2088]).   The section, italicized according to stressed points made by the contending parties, reads now as it read when the annexation proceeding was instituted by petition in 1959:

---

* No part of such territory "consists of fractional parts of platted subdivision lots," within the exception appearing in the final sentence of presently quoted section 9.

"Sec. 9. The district to be affected by every such proposed incorporation, consolidation or change of boundaries shall be deemed to include the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed: Provided, however, That when a territory is proposed to be incorporated as a city only the residents of the territory to be incorporated shall vote on the question of incorporation: Provided further, That when a petition signed by the State by the appropriate agency designated by the State administrative board which holds the record legal title to the entire area of the land in the territory adjacent to the city to be annexed, is filed with the governing body of said city and with the township board of the township in which such territory is situated, such annexation may be accomplished by the affirmative majority vote of the governing body of such city and the approval of the township board of such township. Any proposed consolidations or changes of boundaries shall be submitted to the qualified electors of the city, and to the qualified electors of the city, village or township from which the territory to be taken is located, and at the election when said question is voted upon, the city, village or township shall conduct the election in such manner as to keep the votes of the qualified electors in the territory proposed to be annexed or detached in a separate box from the one containing the votes from the remaining portions of such city, village or township: *Provided, however, That territory may be attached or detached to or from cities having a population of 15,000 or less if a majority of the electors voting on the question in the city to or from which territory is to be attached or detached, and a majority of the electors from that portion of the territory to be attached or detached, as the case may be, both vote in favor of such proposition.* If the returns of said election shall show a majority of the votes cast in the district to be annexed, voting separately, to be in favor of the proposed change of

boundary, and if a majority of the electors voting in the remainder of the district to be affected as herein defined, voting collectively, are in favor of the proposed change of boundary, then such territory shall become a part of the corporate territory of the city or shall be detached therefrom, as the case may be. *If no qualified electors reside in the territory proposed to be annexed or detached at the time of filing said petition with the clerk of the board of supervisors, as provided in section 8 of this act, and if a majority of the electors voting in the district to be affected as herein defined, voting collectively, are in favor of the proposed change of boundaries, then such territory shall become a part of the corporate territory of the city or shall be detached therefrom, as the case may be.* Where the territory proposed to be annexed to any city is adjacent to said city and consists of a park or vacant property located in a township and owned by the city annexing the same, and there is no one residing thereon, such territory may be annexed to said city solely by resolution of the city council of said city or in any case where the territory proposed to be annexed is adjacent to said city and consists of fractional parts of platted subdivision lots, located in an adjoining city, village, or township, such annexation may also be accomplished by the affirmative majority vote of the legislative body of such city and the approval of the legislative body of such adjoining city, village or township: Provided further, That as an alternate method, where there are no qualified electors residing in the territory proposed to be annexed to said city, other than the person or persons petitioning, a petition signed by a person or persons, firms, corporations, the United States government, or the State or any of its subdivisions who collectively hold the record legal title to more than 1/2 of the area of the land in the territory to be annexed is filed with the city council of said city and with the township board of the township in which such territory is situated, such annexation may be accomplished by the affirma-

tive majority vote of the city council of such city and the approval of the township board of such township: Provided further, That at least 10 days prior to the approval by the township board, the township treasurer shall notify, personally or by registered mail with return receipt demanded, the owners of all real property in the territory to be annexed as shown on the assessment rolls of the township at the last known address on file with the township treasurer. *This section shall not be construed so as to give any city the authority to proceed hereunder to attach territory from any other city unless the question relative thereto has been voted upon by the voters of the entire cities affected, except as hereinbefore specifically provided, where the territory proposed to be annexed is adjacent to a city and consists of fractional parts of platted subdivision lots, located in an adjoining city.*"

Springfield states, fairly and comprehensively, the decisive question:

"Where, under the provisions of the Michigan home-rule act, PA 1909, No 279, § 9, as amended, the territory to be affected by a proposed annexation by a city lies in a city of 15,000 or less population, must the proposition to annex such territory receive a majority vote of the qualified electors of the city in which the territory lies, voting separately and *not* cumulatively with the qualified electors of the would-be annexing city?"

Plaintiff Cavanagh and intervener Battle Creek insist that the question should be answered in the negative. They rely particularly on the sentence italicized above commencing "If no qualified electors reside." Springfield and the attorney general, intervening, insist that the question should be answered in the affirmative. They emphasize the first and third portions italicized above.

The presented question is new. Its solution receives no aid from previously reported decisions in

which this lengthy, much amended and manifestly abstruse section of the act of 1909 has been considered. We are persuaded, on review of the briefs and arguments of the parties, that the attorney general's advice to the local board of canvassers (upon which the board acted) was right, and that he has construed section 9 properly for the purposes of current decision. He ruled (memorandum opinion No. M-571, dated July 30, 1959) that the final sentence of the section controls this annexation proceeding, saying:

"The last sentence, above quoted, deals exclusively with annexation of territory from one city to another. It does not provide that the vote of the cities affected shall be a collective vote of the 2 cities, but requires a vote by the voters of the *entire* cities affected. The intent of the legislature is clear that each city must vote separately on the question; otherwise the phrase 'entire cities' would be meaningless.

"It is therefore my opinion that where no voters reside in the territory to be annexed, the vote in each city must be counted separately from that in the other city, and that there must be a majority in each city favorable to annexation, in order to accomplish it."

Reversed and remanded for entry of order dismissing the writ. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.