GRAND RAPIDS CITY CLERK *v.* JUDGE OF SUPERIOR COURT.

1. ELECTIONS—DEBATE.
   Elections are controversial, the results thereof usually being the subject of debate, hence, it is desirable that there be a clear understanding of the issues.

2. SAME—PARTICIPATION.
   Elections are the most vital part of government, in which the people are more closely involved with their government than in almost any other process.

3. SAME—INJUNCTION—QUO WARRANTO.
   Elections which are regular and legal in every respect should not be interfered with by the courts by way of injunction, since those who would complain of an election have a clear and adequate remedy by quo warranto to test a constitutional issue in the event of an affirmative vote on a question (CL 1948, § 638.28).

4. SAME—ANNEXATION TO CITY—INJUNCTION—QUO WARRANTO.
   Elections for purposes of annexation to city comprising a second class school district *held,* not subject to injunction to prevent their being conducted, on ground of alleged unconstitutionality of act under which the elections were to be held, where each of the proceedings was regularly taken, as a majority negative vote would preserve the *status quo* and in the event of an

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  18 Am Jur, Elections §§ 1–5.
[2]  18 Am Jur, Elections § 43 *et seq.*
[3]  18 Am Jur, Elections §§ 117, 272, 273, 277, 326.
     Power to enjoin holding of an election.  33 ALR 1376, 70 ALR 733.
[4]  18 Am Jur, Elections §§ 117, 272, 273, 277, 326; 37 Am Jur, Municipal Corporations § 23 *et seq.*
     Power to enjoin holding of an election.  33 ALR 1376, 70 ALR 733.
[5]  18 Am Jur, Elections §§ 321, 322; 37 Am Jur, Municipal Corporations § 23 *et seq.*

affirmative vote, the remedy of quo warranto is available to determine the constitutionality (CL 1948, § 638.29; CLS 1956, § 340.143).

5. COSTS—PUBLIC QUESTION—ELECTIONS—INJUNCTION.

No costs are allowed in mandamus and prohibition to require trial judge to vacate temporary injunctions against the holding of elections for the annexation of territory to a city comprising a second class school district, a public question being involved.

Original mandamus and prohibition by R. Stanton Kilpatrick, clerk, and the City of Grand Rapids against the Honorable Fred N. Searl, acting judge of the Superior Court of Grand Rapids, Ernest J. Schmidt and others, Jack Bronkema, clerk of Kent county, John Van Dyke, clerk of Paris township, and the Board of Supervisors of Kent county, to set aside injunction and curtail further issuance of injunctions in order to permit annexation elections to be held. William A. Duthler and Board of Education of the City of Grand Rapids intervened as parties plaintiff. Nella B. Riley and others intervened as parties defendant. Submitted February 13, 1962. (Calendar No. 49,704.) Writs allowed February 14, 1962. Opinion filed May 17, 1962.

*James K. Miller,* City Attorney, and *F. William McKee,* Assistant City Attorney, for plaintiffs.

*Roger D. Anderson,* for intervening plaintiff Board of Education of the City of Grand Rapids.

*Dilley & Dilley,* for intervening plaintiff Duthler.

*Strawhecker & McCarger (Paul O. Strawhecker,* of counsel), for defendants and intervening defendants.

ADAMS, J. This matter involves 4 proceedings for the annexation of land in Paris township to the city of Grand Rapids. All of the proceedings have been regularly taken. The proposals were to be voted on

by the electors of the city of Grand Rapids and of Paris township at a special election to be held on February 19, 1962.

On January 19, 1962, a suit was instituted in the superior court of Grand Rapids by 3 plaintiffs who are electors of the Kentwood school district residing in Byron or Gaines townships. The Kentwood school district is made up of territory within the townships of Paris, Gaines, Byron, and the city of Wyoming. Part of the territory of said district is contained within the said 4 parcels. Plaintiffs do not reside within the areas which it is proposed be annexed.

Plaintiffs alleged that under the provision of the school code of 1955, which reads:

"Whenever territory shall be annexed to a city comprising a school district of the second class, such territory, by such annexation, shall become and be part of the school district of that city,"*

there would be in the minds of the voters, even if not on the ballot, the question of annexation to the city of Grand Rapids and the question of becoming detached from the Kentwood public schools and annexed to the school district of Grand Rapids. Plaintiffs claim, as to this second question, that while the voters of Grand Rapids and of Paris township would be permitted to vote upon it, plaintiffs would not, thereby being deprived of the equal protection of the laws under the Fourteenth Amendment to the Federal Constitution. Plaintiffs asked for a temporary injunction restraining the election, a trial on the merits and a decree adjudicating section 143 of the school code of 1955 to be unconstitutional, void, and of no effect.

The superior court judge issued a temporary injunction on January 29, 1962.

---

* PA 1955, No 269, pt 1, ch 5, § 143 (CLS 1956, § 340.143, Stat Ann 1959 Rev § 15.3143).

On February 2, 1962, the present plaintiffs sought writs of mandamus and prohibition against the superior court judge requiring him to vacate the temporary injunction and forbidding him from issuing any further injunctions in connection with 2 other annexation proposals. On February 14, 1962, writs of mandamus and prohibition were granted.

The superior court judge considered whether or not a court can enjoin an election. Recognizing that while such a procedure is rarely followed, he concluded he had the power to do so if an irreparable injury would result or there is an inadequacy of other remedies.

The judge then took cognizance of many newspaper reports of annexation elections in the area and of the present debate on the issue. He concluded that the voters of the city of Grand Rapids and of Paris township would consider a vote for annexation to the city of Grand Rapids to be a vote also for annexation to the Grand Rapids school district. Consequently, there would be 2 questions in the minds of the voters but only 1 on the ballot. The plaintiffs, he concluded, had raised a meritorious question as to equal protection under the Fourteenth Amendment to the Federal Constitution because of their inability to vote on the school aspect of the annexation.

In view of the suit testing the constitutionality of the statute, the superior court judge decided to enjoin the election, holding that the voters would not presently know what they were voting for and would be confused as to the consequences of a vote for or against annexation. Such confusion would not exist once the lawsuit had been decided on the merits. Since the annexations would not go into effect until December 31, 1962, the judge concluded that no serious harm would result.

The ultimate relief prayed for by the plaintiffs in the original suit is a decree adjudicating section 143

of the school code of 1955 to be unconstitutional, void, and of no effect. Plaintiffs seek to enjoin an election in which they now have and in which they would have no right to vote, regardless of what decision may finally be made as to the merits of their claim. This is an entirely different situation from the one where an election is enjoined because a proper and legal election cannot be held. See *Attorney General* v. *Supervisors of St. Clair,* 11 Mich 63; see, also, opinion of Justice Edward M. Sharpe, in *Township of Kalamazoo* v. *Kalamazoo County Supervisors,* 349 Mich 273.

Nella B. Riley, a resident of Grand Rapids, Clifford R. Barnes and Lee W. Yothers, residents of Paris township, the latter being from one of the areas proposed to be annexed, have now intervened as parties defendant in this action. Their intervention brings before this Court protesting parties who would have a right to vote in the annexation proceedings. It is appropriate, therefore, to consider whether or not a possible confusion in the minds of the voters is sufficient grounds to enjoin an election. Elections are controversial. The results which will follow are usually the subject of debate. We agree with the superior court judge that a clear understanding of the issues is desirable; but this is a part of the political process and must be so resolved.

The proposal to annex to the city of Grand Rapids (not taking into account the school district question) would appear to be a simple question. Actually, however, many propositions are involved, each of which could be broken down into separate questions. What will happen to public improvements, to taxes, to voting strength—these are only a few of the questions contained in the ultimate question submitted to the voters. The possible results are the subject for debate and speculation.

One of the matters for consideration by the voters on February 19, 1962, would be the possible results in terms of annexation to the Grand Rapids school district. An elector would know that under the present law and decisions, annexation would follow if a majority voted in favor of annexation to the city of Grand Rapids. He would also know that a suit had been brought and an issue raised which might result in failure of annexation to the Grand Rapids school district, even though the annexation to the city of Grand Rapids would be effected by a "yes" vote. Finally, the voter would know that a "no" vote would result in neither annexation to the city of Grand Rapids, nor to the Grand Rapids school district. To delay elections because a question has been raised with regard to the constitutionality of a statute, particularly if the question must await adjudication in the courts with the possibility of appeal to one or more appellate courts, could end in complete frustration of established political processes. In the instant case, the likelihood is that it would extend this controversy long beyond December 31, 1962, the date set for the annexation to take effect.

Elections are a most vital part of government. The people are more closely involved with their government in elections than in almost any other process. Interference by the courts where, as here, the proceedings are regular and legal in every respect, should be avoided. Those complaining of the election have a clear and adequate remedy by quo warranto to test the constitutional issue in the event of a favorable vote. CL 1948, § 638.28 (Stat Ann § 27.2342). *Attorney General, ex rel. Reuter,* v. *Bay City,* 334 Mich 514.

No costs, a public question being involved.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.