GROH *v.* CITY OF BATTLE CREEK.

1. MUNICIPAL CORPORATIONS — ANNEXATION — PETITIONS — JURIS-
DICTION OF BOARD OF SUPERVISORS.

A taxpayer's objection that petitions for annexation of entire
city to defendant did not empower county board of supervisors
to consider the matter because there had been an unsuccessful
effort to annex portions of the city sought to be annexed within
the preceding 2 years and current petitions had not been signed
by 35% of the owners of real property in the territory sought
to be annexed went to the jurisdiction of the board of super-
visors to consider the petition, a question which may be raised
by quo warranto proceedings after election (CLS 1956,
§ 117.8).

2. SAME — ANNEXATION — CONSTRUCTION OF STATUTE — ADDITIONAL
TERRITORY.

Provision of statute barring consideration by board of super-
visors of annexation "petition covering the same territory, or
part thereof" oftener than once in every 2 years unless signed
by 35% of taxpayers assessed for real property taxes within
the area proposed to be annexed *held,* not ambiguous so as to
require judicial construction and to be applicable where ad-
ditional territory is covered by the subsequent petition (CLS
1956, § 117.8).

3. COSTS—QUO WARRANTO—PUBLIC QUESTION—ANNEXATION.

No costs are allowed in taxpayer's quo warranto proceeding chal-
lenging validity of annexation proceeding of one city to an-
other, a public question being involved.

Appeal from Calhoun; Andrews (Mark S.), J.,
presiding.   Submitted November 7, 1962.   (Docket

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur, Quo Warranto § 52.
[3] 14 Am Jur, Costs § 91.

No. 44, Calendar No. 49,382.) Decided December 31, 1962.

Quo warranto by Warren D. Groh, an elector and taxpayer of the city of Springfield, against the city of Battle Creek, a municipal corporation, challenging, by reason of faulty procedure, the validity of election resulting in annexation of the city of Springfield. Judgment for defendant. Plaintiff appeals. Reversed.

*Joseph V. Wilcox* (*George R. Sidwell,* of counsel), for plaintiff.

*R. W. Harbert, Jr.,* City Attorney (*J. W. McAuliffe,* of counsel), for defendant.

SOURIS, J. The issue we consider controlling in this appeal is whether the second proviso which appears in section 8 of PA 1909, No 279 (CLS 1956, § 117.8 [Stat Ann 1961 Cum Supp § 5.2087]), applies to a petition for annexation to the defendant city of Battle Creek of the entire city of Springfield, which adjoins Battle Creek, there having been an unsuccessful effort within the preceding 2 years to annex portions of the city of Springfield to Battle Creek. The language of the pertinent proviso with which we are here concerned reads as follows:

"Provided further, That a petition covering the same territory, or part thereof, shall not be considered by the board of supervisors oftener than once in every 2 years, unless such petition shall have been signed by a number of taxpayers assessed for real property taxes within the area proposed to be annexed whose names appear on the latest assessment rolls therein under the requirements of the general property tax, equal to 35% of the total number of names which appear on the assessment rolls

prepared pursuant to said act as being assessed for real property taxes within the area proposed to be annexed, and it shall be the duty of the assessing officers who are charged with the duty of assessing real property within the area proposed to be annexed to report as of the date on which the petition is filed the total number of names on such rolls, within such area, to the clerk of the board of supervisors not more than 14 days after said filing date."

In 1959 petitions were filed with the Calhoun county board of supervisors for the annexation to Battle Creek of 2 parcels of industrial property located in Springfield. An annexation election was held thereon and the county board of canvassers determined that an insufficient number of votes in the city of Springfield had been cast in favor of the annexation to accomplish the same. This determination was the subject of litigation by certiorari and, on appeal to this Court, the canvassers' ruling was upheld. *Cavanagh* v. *Calhoun County Canvassers,* 361 Mich 516.

Some time prior to our decision in *Cavanagh* v. *Calhoun County Canvassers,* new petitions were filed with the supervisors proposing the annexation of the entire city of Springfield to defendant Battle Creek. Another suit was thereupon instituted, in chancery, in Calhoun county circuit court to enjoin consideration of the petition by the board of supervisors, the claim being that the territory covered by said petitions included territory previously the subject of similar annexation petitions within the preceding 2 years without satisfying the above quoted proviso's requirement that the petitions be signed by taxpayers assessed for real property taxes within the area proposed to be annexed equal in number to 35% of the total number of names appearing on the assessment rolls within that area. Upon denial of injunctive relief in the circuit court,

the plaintiff made application before this Court for leave to appeal and for stay of proceedings. We denied leave to appeal and the requested stay on September 20, 1960. Immediately thereafter the board of supervisors approved the petitions and the issue was submitted to the electors of both cities affected by the petitions at the general election held on November 8, 1960. A majority of the electors voting upon the proposition in each city voted affirmatively. This action was thereupon instituted by the filing of an information in the nature of quo warranto challenging the proceedings for annexation on a number of grounds including the issue first above stated, determination of which we consider dispositive of this appeal.

Before reaching the controlling issue, however, defendant challenges the right of plaintiff to question this annexation proceeding after the election, relying upon the following language which appears also in section 8:

"After the adoption of such resolution neither the sufficiency nor legality of the petition on which it is based may be questioned in any proceeding."

Plaintiff's objection goes to the jurisdiction of the board of supervisors to consider the petition. If plaintiff is correct in its claim that the proviso clause bars submission of the annexation proposal absent compliance with its 35% requirement (and defendant concedes the petitions did not contain the number of signatures required by the proviso), then the supervisors' jurisdiction to act upon the petition may be questioned at any time. We have frequently said that questions of this nature may be raised by quo warranto proceedings after election. See *Holland City Clerk* v. *Ottawa Circuit Judge,* 368 Mich 479; *Grand Rapids City Clerk* v. *Superior Court*

*Judge,* 366 Mich 335, 340, and *St. Joseph Township* v. *Berrien County Supervisors,* 363 Mich 295.

With reference to the controlling issue, defendant contends that the proviso is not applicable to this annexation proposal; that its language is ambiguous and requires judicial construction; and that we should construe it to apply only when successive annexation petitions cover the identical territory, or a part thereof, but not when additional territory is covered by a subsequent petition. We cannot accept defendant's contention for 2 reasons. First, as we recently had occasion to note in *Godwin Heights Schools* v. *Kent County Supervisors,* 363 Mich 337, the evil sought to be avoided by the enactment of the second proviso of section 8 was the coercive effect upon the electorate of repeated proposals for annexation. Here, in a short span of less than 2 years, the electorate was bombarded with successive annexation proposals, the last of which included 2 parcels of territory previously voted upon and rejected. Second, we do not find ambiguity in the statutory language requiring its judicial construction. The words, "a petition covering the same territory, or part thereof," cannot be read as defendants would have us read them without thwarting the legislative purpose which we discussed in *Godwin, supra.* If defendant's construction were adopted, an unsuccessful annexation proposal could be followed immediately, without compliance with the 35% requirement, by another proposal to annex the very same territory plus a single platted lot not "covered" by the first proposal. The annexation attempted here differs only in degree from such a result,—instead of a single platted lot, all of the remaining land in Springfield was added to the territory covered by the prior unsuccessful annexation petitions.

We hold that, absent the number of signatures required by the second proviso of section 8, the supervisors had no jurisdiction to consider the petitions for annexation of the city of Springfield to the city of Battle Creek, territory included therein having been covered by annexation petitions submitted to, and rejected by, the electorate within the preceding 2-year period. Accordingly, the annexation election was illegally held. A judgment may be entered setting it aside. No costs will be allowed, a public issue being involved.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, and Otis M. Smith, JJ., concurred.

Adams, J., did not sit.