BUNKER v. GENESEE COUNTY.

1. MUNICIPAL CORPORATIONS—ANNEXATION ELECTION—INJUNCTION—EQUALLY DIVIDED COURT.

Decree dismissing bill to enjoin the holding of an election on question of annexation to a home-rule city and for a declaration of rights in respect to annexation proposal is affirmed by an equally divided court (PA 1909, No 279, as amended).

2. COSTS—PUBLIC QUESTION—ANNEXATION ELECTION—INJUNCTION—DECLARATION OF RIGHTS.

No costs are allowed on appeal from decree dismissing bill to enjoin the holding of an election on question of annexation to a home-rule city and for a declaration of rights in respect to annexation proposal, a public question being involved (PA 1909, No 279, as amended).

Appeal from Genesee; Parker (Donn D.), Baker (John W.), McGregor (Louis D.), and Roth (Stephen J.), JJ., en banc. Submitted May 7, 1963. (Calendar No. 31, Docket No. 49,708.) Decided October 10, 1963. Rehearing denied November 7, 1963.

Bill by Russell C. Bunker, a qualified elector in Flint, Spencer J. Carpenter, a qualified elector in the township of Flint, and the Township of Flint against Genesee County, its clerk and its board of supervisors, the City of Flint, its clerk, and the clerk of Flint township, to enjoin holding an election on the question of annexation and for declaratory

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 902.
37 Am Jur, Municipal Corporations §§ 23, 25, 30, 107.
[2] 14 Am Jur, Costs § 91.

decree in respect to annexation proposal. Bill dismissed. Plaintiffs appeal. Affirmed by an equally divided court.

*Morrissey, Bove & Yeotis (William H. Morrissey* and *George R. Sidwell,* of counsel), for plaintiffs.

*John G. David,* Corporation Counsel, *William J. Kane,* City Attorney, *Wade D. Withey, Don W. Mayfield,* and *Richard R. Lovinger,* Assistant City Attorneys, for defendants.

CARR, C. J. *(for affirmance).* This case has resulted from proceedings to annex certain territory in Flint township, Genesee county, to the city of Flint. Under date of November 15, 1961, a petition was filed with the county clerk, addressed to the board of supervisors of the county, containing a description of the lands sought to be annexed and alleging that there were less than 10 persons qualified to sign the petition living in such territory. It was further asserted that the city of Flint held the record legal title to more than 1/2 of the area of such land, exclusive of streets. A description of the city property was set forth at length.

Said petition was filed pursuant to the city home-rule act*, section 6 (CLS 1956, § 117.6), amended by PA 1957, No 210 (Stat Ann 1961 Cum Supp § 5-.2085), of which contains the following language:

"Provided further, That as an alternate method in the case of an annexation proceeding in which there are less than 10 persons qualified to sign the petition living in that unincorporated territory of any township or townships proposed to be annexed

---

* PA 1909, No 279, as amended (CL 1948 and CLS 1956, § 117.1 *et seq.,* as amended [Stat Ann 1949 Rev and Stat Ann 1961 Cum Supp § 5.2071 *et seq.*]).

to a city, that the signatures on the petition of persons, firms, corporations, the United States government, or the State or any of its subdivisions who collectively hold record legal title to more than 1/2 of the area of the land exclusive of streets, in the territory to be annexed at the time of filing the petition, will suffice in lieu of obtaining 10 signatures from the township in which such area to be annexed lies: And provided further, That on such petition each signature shall be followed by a description of the land and the area represented thereby and a sworn statement shall also accompany such petition giving the total area of the land, exclusive of streets, lying within the area proposed to be annexed: Provided further, That before any signatures are obtained on a petition as hereinbefore provided, such petition shall have attached to it a map or drawing showing clearly the territory proposed to be incorporated, detached, or added, and each prospective signer shall be shown such map or drawing before signing the petition."

On December 28, 1961, the county board of supervisors took final action on the petition, adopting a resolution approving the same and setting February 27, 1962, as the date of an election on the proposed annexation. The instant suit in equity was instituted on January 9, 1962, to enjoin the holding of the election and to obtain a declaratory decree with reference to the legal questions claimed by plaintiffs to be involved. The right to the relief sought was considered by the circuit court of Genesee county, the 4 judges thereof sitting *en banc,* which came to the conclusion after listening to the arguments of counsel for the respective parties that plaintiffs were not entitled to the equitable relief requested. A decree was entered accordingly on January 31, 1962, denying the injunction sought and declaration of rights, and also dismissing the bill of complaint. Thereupon

plaintiffs appealed to this Court seeking a reversal of said decree. A motion was also filed here for a temporary injunction, which was denied.

In their bill of complaint plaintiffs asserted their right to the relief sought on the ground that prior petitions seeking the incorporation of Flint township as a city were filed with the county clerk on August 15, 1961, presented to the board of supervisors on September 18th, and referred to the legislative committee thereof for examination. On December 19, 1961, the board adopted a resolution that the incorporation petitions were insufficient and that no further action thereon was required. This was followed by the adoption of a resolution declaring the legal sufficiency of the petition involved in the instant case and setting the date for an election on the question of the annexation of the property described therein to the city of Flint. Plaintiffs instituted mandamus proceedings against the board of supervisors to require the submission of the question of incorporation of the township as a city, which petition was denied by the circuit court, all 4 judges thereof sitting *en banc*. An appeal from such denial was taken to this Court and for the reasons set forth in our opinion in *Carpenter* v. *Genesee County Board of Supervisors,* 371 Mich 295, we concluded that the judgment of the circuit court should be affirmed.

The circuit court in its opinion in the instant case referred to its holding in the mandamus action and, based thereon, rejected the claim of the plaintiffs that action on the annexation petition was improper because said petition was in conflict with the previously filed incorporation petitions. In this respect plaintiffs based their argument on section 8a of the home-rule act (CLS 1956, § 117.8a [Stat Ann 1961 Cum Supp § 5.2087(1)]), which provides in part as follows:

"In case a petition has been filed with the clerk pursuant to section 8, and subsequently another petition is filed by other petitioners proposing to affect the same territory in whole or part, then the subsequently filed petition shall not be submitted to the electors while in conflict with the prior petition."

The trial court concluded, and we think properly so, that there was no conflict because the incorporation petitions had been found to be insufficient. As above indicated, we agree with the correctness of that finding.

A similar question was involved in *Godwin Heights Public Schools* v. *Kent County Board of Supervisors,* 363 Mich 337. In disposing of the issue there it was said (pp 342, 343):

"Do the quoted provisions of section 8a bar submission to the electors of the proposed annexation to Grand Rapids so long as the previously filed Wyoming petitions remain unsubmitted? If the latter are not entitled to submission to the voters, they cannot stand as a bar to submission of a proposal presented by petitions which do qualify. Furthermore, as the trial court observed, the inhibition of section 8a applies to instances in which the previous petitions have been filed pursuant to section 8. Here the Wyoming petitions were not so filed, because they did not meet the 35% requirement contained in section 8.

"It follows that the defendant was required by statute to submit to the electors the proposal to annex to the city of Grand Rapids, as set forth in the petitions filed on December 5, 1960."

The language quoted is directly applicable to the situation presented in the case at bar. The incorporation petitions were properly rejected because of noncompliance with statutory requirements and, hence, did not preclude action by the board of su-

pervisors on the annexation petition involved in the instant proceeding.

The averments of the bill of complaint filed by plaintiffs disclose that the claim to the right to injunctive relief was based on the argument that the incorporation petitions were in proper form and were sufficient to comply with statutory requirements. As pointed out by counsel for defendants in their brief, plaintiffs did not rely in their pleading on the effect of the prior proceeding, referred to in appellants' brief, which resulted in the defeat of an attempted annexation by the city of Flint of the entire township.

On the basis of the record before us we conclude that the circuit court acted properly in denying the injunctive relief sought and dismissing the bill of complaint. The case does not require the entry of a declaratory judgment; nor does it appear that under the plaintiffs' pleading the provision of section 8 of the home-rule act (CLS 1956, § 117.8 [Stat Ann 1961 Cum Supp § 5.2087]), relating to the consideration by the board of supervisors of a petition affecting territory, or a portion thereof, covered in a petition, or petitions, considered by the board within the preceding 2 years, is involved. Such provision must be construed as applicable to situations in which the prior petitions mentioned were filed in accordance with statutory requirements and on which affirmative action by the board of supervisors may properly be taken. The general purpose thereof was given consideration in *Godwin Heights Public Schools* v. *Kent County Board of Supervisors, supra.*

The decree of the circuit court is affirmed, but without costs.

DETHMERS, KELLY, and O'HARA, JJ., concurred with CARR, C. J.

SOURIS, J. (*for reversal and remand*). I cannot agree that we must close our judicial eyes and minds to the patent illegality of the presently considered proposal for annexation of industrial township territory to the city of Flint because plaintiffs failed to rely in their pleading upon a prior proposal for the annexation of the entire township to the city. The prior annexation proposal was defeated at the polls in September of 1961, just 2 months before filing of the annexation petitions here involved. The fact that such a proposal had been before the electorate so recently was certainly within the view of local judicial notice. Furthermore, there is specific reference thereto in plaintiffs' incorporation petition, made a part of their pleading; in the board of supervisors' resolution of December 19, 1961, rejecting the incorporation petition, which resolution was also made a part of plaintiffs' pleading; and in the trial briefs of both plaintiffs and defendants.

The situation disclosed to the trial court and to this Court from the record before it is strikingly similar to that disclosed in *Groh* v. *City of Battle Creek,* 368 Mich 653. In each case, 2 annexation proceedings covering part of the same territory were attempted within a 2-year period. In each, the first proceedings were rejected by the electorate and the second adopted. In each, there were insufficient petitioning signatures for the second proceedings to satisfy the requirements of section 8 of PA 1909, No 279 (CLS 1956, § 117.8 [Stat Ann 1961 Cum Supp § 5.2087]), the legislative purpose of which we held to be (in *Godwin Heights Schools* v. *Kent County Supervisors,* 363 Mich 337, relied upon in the *Groh Case*) to avoid, or at least to minimize, the coercive effect upon the electorate of repeated

proposals for annexation. This Court unanimously ruled in *Groh* that the board of supervisors lacked jurisdiction to consider the second petition for annexation for failure to comply with section 8 of Act No 279. We have the duty to do the same here and we should not be deterred, nor should the trial court have been deterred, from such duty by failure of plaintiffs, for whatever private reason they may have had, to plead this issue affecting the electoral process and other public rights.

That the annexation petitions here involved failed to contain the signatures of at least 35% of the taxpayers in the area proposed to be annexed whose names appeared on the assessment roles for assessment of real property taxes, as required by section 8 of the act, is admitted by defendants and so found by the trial court. The trial court considered the variance insignificant and the defendants offer us the explanation that numerous human errors occurred which caused the technical failure of compliance with the statutory requirement. The fact remains that there was a failure of compliance with a statutory requirement designed for the protection of the public. It is not within the competence of this Court or the trial court to say, in the circumstances disclosed by this record, that this statutory provision regulating annexation elections need not be invoked when failure of compliance with its requirements consists only of an "insignificant variance."

I would reverse and remand with directions to the trial court to enter a judgment declaring the annexation election of February 27, 1962, null and void and to retain jurisdiction in this cause for such judicial supervision as may be needed to effect an orderly transfer back to the township of the territory sought to be annexed by the city of Flint and for such other judicial supervision in connection

therewith as may be required. I would award no costs on this appeal, a public question being involved.

BLACK, KAVANAGH, and SMITH, JJ., concurred with SOURIS, J.

