HALL v. CALHOUN COUNTY BOARD OF SUPERVISORS.

1. MUNICIPAL CORPORATIONS—ANNEXATION—PETITIONS—BOARD OF SUPERVISORS.

Petitions to annex territory of appellant city to intervenor plaintiff, an adjoining city, could be considered by county board of supervisors notwithstanding they affected territory embraced in prior petitions and were in conflict therewith, where such prior petitions had not been filed in conformance with the requirements of pertinent statute (CLS 1961, §§ 117.8, 117.8a).

2. SAME—ANNEXATION.

One home-rule city may annex another city in its entirety (CLS 1961, § 117.6).

3. STATUTES—CONSTRUCTION.

Statutory provisions are interpreted so as to harmonize them and give effect to all of the legislative language.

4. MUNICIPAL CORPORATIONS—STATUTES—TITLE OF ACT—ANNEXATION.

The title of the home-rule city act is broad enough to encompass annexation of a city (CL 1948, § 117.1 et seq.).

5. STATUTES—TITLE OF ACT—CONSTRUCTION.

The constitutional provision requiring that a law shall embrace only 1 object expressed in its title is to be liberally construed (Const 1963, art 4, § 24).

6. SAME—TITLE OF ACT—CONSTRUCTION.

Provision of Constitution that no law shall embrace more than 1 object which shall be expressed in its title must receive a fair

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Municipal Corporations § 23 et seq.
[2, 4] 37 Am Jur, Municipal Corporations § 26.
[3] 50 Am Jur, Statutes § 363.
[5, 6] 50 Am Jur, Statutes § 190 et seq.
[7] 50 Am Jur, Statutes §§ 170, 171.
[8–14] 50 Am Jur, Statutes §§ 165, 180.

and reasonable construction which will repress the evil designed to be guarded against, but which, at the same time, will not render the enactment oppressive or impracticable (Const 1963, art 4, § 24).

7. SAME—CONSTRUCTION.

Every legislative act is presumed to be constitutional and every intendment must be indulged by the courts in favor of its validity, only clear violations of the Constitution justifying the courts in overruling statutes (Const 1963, art 4, § 24).

8. SAME—TITLE OF ACT.

The title of an act must be such at least as fairly to suggest or give a clew to the subject dealt with in the act.

9. SAME—TITLE OF ACT.

The topics in the body of an act should be kindred in nature and have a legitimate and natural association with the subject of the title.

10. SAME—TITLE OF ACT—CONSTRUCTION.

Courts should not hold the title of an act insufficient because they may be of the opinion that a better title might have been provided nor resort to critical or technical construction of the language of the title.

11. SAME—TITLE OF ACT—CONSTRUCTION.

An act will be sustained if the words used in the title thereof, taken in any sense or meaning they will reasonably bear, are sufficient to cover the provisions of the act, even though such meaning may not be the most common meaning of the words.

12. SAME—TITLE OF ACT—CONSTRUCTION.

Long acquiescence in the constitutionality of an act in respect to its title will be considered in doubtful cases, but cannot control where there is no doubt but that the constitutional provision requiring that there be but 1 object and that it be expressed in the title has been violated (Const 1963, art 4, § 24).

13. SAME—TITLE OF ACT.

It is enough that the title of an act be so phrased as to convey to the mind an indication of the subject or object to which it relates.

14. SAME—TITLE OF ACT.

The office of the title of an act is to apprise the legislators as to what the subject of legislation is, so as to put them on inquiry.

Appeal from Calhoun; McIntyre (Robert W.), J., presiding. Submitted April 9, 1964. (Calendar No. 28, Docket No. 50,467.) Decided October 6, 1964.

Mandamus by Charles Hall against Calhoun County Board of Supervisors to compel submission to electors of an annexation proposition. City of Battle Creek intervened as party plaintiff. City of Springfield intervened as party defendant. Judgment for plaintiff. Intervening defendant City of Springfield appeals. Affirmed.

*Sullivan & Hamilton* (*Robert P. Hamilton,* of counsel), for plaintiff.

*R. W. Harbert, Jr.,* for intervening plaintiff City of Battle Creek.

*Joseph V. Wilcox* (*George R. Sidwell,* of counsel), for intervening defendant City of Springfield.

Souris, J. In 1959 petitions were filed with defendant board of supervisors for the annexation to the city of Battle Creek of certain property located in the city of Springfield. An election was held on the annexation proposition and it was rejected, less than a majority of Springfield's electors having voted therefor. This result was upheld in *Cavanagh* v. *Calhoun County Canvassers,* 361 Mich 516. In 1960 petitions were filed with defendant board seeking to annex the entire city of Springfield to the city of Battle Creek. The board authorized an election on this proposition and it was approved by the requisite majorities both in Battle Creek and Springfield. However, in *Groh* v. *City of Battle Creek,* 368 Mich 653, we set aside the results of the election because the petitions for annexation had

not been signed by at least 35% of the real property taxpayers within the affected area, the petitions having been filed within 2 years of the 1959 annexation petitions affecting the same area.[1]

In January of 1963, after the *Groh* decision, petitions for the annexation of Springfield to Battle Creek were again circulated and filed with the board of supervisors. These petitions were signed by the requisite number of qualified electors. Nonetheless, in February, 1963 the board of supervisors rejected a resolution to place the annexation proposition on the ballot in the April, 1963, election, whereupon plaintiff Hall, 1 of the petitioners, filed a complaint in the Calhoun county circuit court seeking a writ of mandamus to compel the board of supervisors to place the proposition on the ballot. On the basis of the undisputed facts just recited, in July of 1963 the court entered its judgment and writ of mandamus in favor of plaintiff requiring the board of supervisors to submit the issue of annexation to a vote of the people pursuant to statutory requirements. The city of Springfield, intervening defendant, has appealed.

Appellant first argues that the board of supervisors could not consider the 1963 petitions because they were in "conflict" with the petitions affecting the same area filed with the board in 1960, citing section 8a of PA 1909, No 279 (as amended),[2] which provides that if a petition has been filed pursuant to section 8 of the act and a subsequent petition is filed affecting the same territory in whole or part, the subsequent petition shall not be submitted to the electors while in conflict with the prior. Here, however, the 1960 petitions were not filed in conformance with the requirements of section 8. In *Groh* v. *City*

---

[1] See CLS 1961, § 117.8 (Stat Ann 1963 Cum Supp § 5.2087).
[2] CLS 1961, § 117.8a (Stat Ann 1963 Cum Supp § 5.2087[1]).

*of Battle Creek,* 368 Mich 653, we voided the election held on the 1960 petitions for that very reason. This being so, section 8a does not prohibit a vote on the 1963 petitions, for as we noted in *Godwin Heights Schools* v. *Kent County Supervisors,* 363 Mich 337, 342, 343, "the inhibition of section 8a applies to instances in which the previous petitions have been filed pursuant to section 8."

Appellant next contends that PA 1909, No 279, does not authorize one city to annex another. Section 6 of that act provides:

"Cities may be incorporated or territory detached therefrom or added thereto, or consolidation made of 2 or more cities or villages into 1 city, or of a city and 1 or more villages into 1 city, or of 1 or more cities or villages together with additional territory not included within any incorporated city or village into 1 city, by proceedings originating by petition therefor signed by qualified electors."[3]

Appellant argues that, because section 6 makes no mention of one city annexing another in its entirety, such a procedure is not authorized. Even in isolation, however, the language of section 6 is broad enough to permit one city to annex another, for it provides that territory may be added to a city, and nothing in section 6 compels the conclusion urged by appellants that this added territory cannot be the entire area of another city.[4]

---

[3] CLS 1961, § 117.6 (Stat Ann 1963 Cum Supp § 5.2085).

[4] Appellant maintains that because section 6 provides that territory may be detached from a city, it is impossible for one city to annex in its entirety another, since if that were done there would be no territory remaining in the annexed city, while there would be if only some territory were merely detached. In effect, appellant is saying that the provision providing for detachment is a limitation upon that providing for addition of territory by a city. Similar reasoning prevailed in OAG 1949–1950, No 908, pp 174–176. As seen *supra,* such a conclusion is not logically necessary, and in view of later sections of the act which speak of annexation of cities (see text *infra*), is not desirable, for it has long been our policy so to in-

But we need not view section 6 in isolation, for other sections of the act make specific reference to the annexation of one city by another. Thus, section 13 contains a proviso that:

"When an incorporated city or village is annexed to and incorporated with a city, such annexed territory shall constitute 1 or more separate wards of the city to which it is annexed and have representation in the legislative body of such city to which it is annexed: Provided, The territory so annexed shall have a population equivalent to the approximate population of 1 or more wards of the city to which it is annexed."[5]

Likewise, section 14, dealing with succession to municipal property and liabilities, notes that:

"Whenever a city, village or township is annexed to a city, the city to which it is annexed shall succeed to the ownership of all the property of the city, village or township annexed, and shall assume all of its debts and liabilities."[6]

Since Act No 279 makes specific references to the annexation of one city by another, and since such an annexation would not be inconsistent with the operative provisions of section 6, we reject appellant's argument that under the terms of Act No 279 it is impossible for one city to annex another.

Appellant also argues that, in any event, it would not be possible to provide in Act No 279 for the annexation of one city by another because this would amount to a disincorporation of the annexed city, and the title of Act No 279 has reference to the

terpret statutory provisions as to harmonize them and to give effect to all of the legislative language. See *Malonny* v. *Mahar,* 1 Mich 26, 27, 28.

[5] CLS 1961, § 117.13 (Stat Ann 1963 Cum Supp § 5.2092).
[6] CLS 1961, § 117.14 (Stat Ann 1963 Cum Supp § 5.2093).

incorporation only of cities.[7]   Appellant cites article
5, § 21, of the 1908 Constitution[8] and reasons that
if the object of the act as stated in the title is to
provide for the incorporation only of cities, no pro-
ceedings may be taken under it which would result
in the disincorporation of a city.   We have said that
the act's title is broad enough to encompass annexa-
tion, *Village of Kingsford* v. *Cudlip,* 258 Mich 144,
151, 152, and this being so we are not prepared to
say that it is not broad enough to encompass annexa-
tion of a city.   We are committed to a liberal inter-
pretation of the constitutional provision concerning
titles of legislative enactments:

"In *People, ex rel. Attorney General,* v. *Bradley,*
36 Mich 447, the question as to the sufficiency of the
title to an act was discussed.   It was said (pp 452,
453):

" 'If the word used by the legislature can in any
of its various uses or meanings be considered appro-
priate or applicable, then we cannot say that they
did not have a right to use it in that sense, even
although we might be of opinion that a better and
more appropriate one might have been chosen, and
one that people generally would have better under-
stood.'

"In *Bissell* v. *Heath,* 98 Mich 472, 477, the follow-
ing from Cooley's Constitutional Limitations (6th
ed), p 175, was quoted approvingly:

" 'There has been a general disposition to construe
the constitutional provision liberally, rather than
to embarrass legislation by a construction whose
strictness is unnecessary to the accomplishment of

---

[7] The title originally was "An act to provide for the incorporation
of cities and for changing their boundaries."   PA 1911, No 203
amended the title to read "An act to provide for the incorporation of
cities, for amending their charters or any local acts pertaining to
city concerns, and for changing their boundaries."   PA 1913, No 5
amended the title to its present form: "An act to provide for the
incorporation of cities and for revising and amending their charters."

[8] "No law shall embrace more than 1 object, which shall be ex-
pressed in its title."   (Now article 4, § 24 of the 1963 Constitution.)

the beneficial purposes for which it has been adopted.'

"In 25 RCL, many pages (beginning at page 834) are devoted to the subject of titles to legislative acts. 'The mischief sought to be remedied by the requirement' is discussed along the same line of treatment as in *People, ex rel. Drake,* v. *Mahaney* [13 Mich 481]. The fact that but few State constitutions contain the provision is alluded to. It is said that such provisions—

'should be reasonably and liberally construed, due regard being had to their object and purpose. They must receive a fair and reasonable construction which will repress the evil designed to be guarded against, but which, at the same time, will not render them oppressive or impracticable. 	* 	* 	*

" 'It is only a clear violation of the Constitution which will justify the courts in overruling the legislative will. Every legislative act is presumed to be constitutional, and every intendment must be indulged by the courts in favor of its validity. The limitation must be liberally construed with a view to upholding legislation. 	* 	* 	*

" 'The title must be such at least as fairly to suggest or give a clew to the subject dealt with in the act. 	* 	* 	* 	The topics in the body of the act should be kindred in nature and have a legitimate and natural association with the subject of the title.'

"The courts should not hold the title insufficient 'because, in its opinion, a better title might have been provided.'

" 'The court should not resort to critical or technical construction of the language of the title. * 	* 	* 	If the words used in a title, taken in any sense or meaning they will reasonably bear, are sufficient to cover the provisions of the act, the act will be sustained even though such meaning may not be the most common meaning of the words. In doubtful cases, courts will consider long acquiescence in the constitutionality of an act in respect of its title, but this cannot control where there is no

doubt but that the constitutional provision has been violated. * * * A very good test to apply is whether it is within the mischiefs intended to be remedied. * * * It is enough that the title is so phrased as to convey to the mind an indication of the subject or object to which it relates. * * * The office of the title is to apprise the legislators as to what the subject of legislation is, so as to put them on inquiry.'" *Commerce-Guardian Trust & Savings Bank* v. *State of Michigan,* 228 Mich 316, 331–333.

Affirmed. Costs to appellees.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.