BURK *v.* SCHOOL DISTRICT OF THE CITY OF COLDWATER.

1. SCHOOLS AND SCHOOL DISTRICTS—ANNEXATION—SUCCESSIVE ELECTIONS.

The submission of question of annexation of outlying school district *with* assumption of a pro rata share of city school district's bonded indebtedness at first election is not the same question as the question of annexation of the outlying district to the city district *without* the assumption of any of the latter's indebtedness at a second election less than 3 months later, hence, statutory restriction of submission of the same question involving annexation of school districts sooner than 6 months, did not apply to make second election invalid (CLS 1961, § 340.511, as amended by PA 1963, No 208).

REFERENCES FOR POINTS IN HEADNOTES.
[1] 47 Am Jur, Schools §§ 22, 23.
[2] 44 Am Jur, Quo Warranto § 122.
    18 Am Jur, Elections § 321.

2. ·COSTS—PUBLIC QUESTION—ANNEXATION OF SCHOOL DISTRICT—VA-
LIDITY OF SECOND ELECTION.

No costs are allowed in quo warranto proceedings to test validity
of second election involving the annexation of outlying school
district to city school district, a public question being in-
volved (CLS 1961, § 340.511, as amended by PA 1963, No.
208).

Original quo warranto by Chester Burk and
others against the School District of the City of
Coldwater, Branch County, and Lakeland School
to test validity of annexation election. Submitted
June 3, 1964. (Calendar No. 19, Docket No. 50,622.)
Information dismissed January 5, 1965.

*Wilcox & Robison* (*Joseph V. Wilcox,* of counsel),
for plaintiffs.

*Fred M. Thrun* and *Richard F. Biringer* (*Robert
M. Thrun* and *Lester N. Turner,* of counsel), for
defendants. . ..

DETHMERS, J. This is an original action in this
Court in the nature of quo warranto to test the
validity of an election at which a majority of the
electors voted for the annexation of one school dis-
trict by another.

On April 1, 1963, the board of education of de-
fendant Coldwater school district adopted a resolu-
tion to annex defendant Lakeland school district.
The resolution provided that the annexation should
become effective only if voters in both districts ap-
proved a certain tax millage limitation increase
and if a majority of the voters in each voted for
its assumption of its pro rata share of the bonded
indebtedness of the other. These conditions were
as permitted by sections 435 and 437 of the school
code of 1955, as amended. CLS 1961, §§ 340.435,

340.437 (Stat Ann 1963 Cum Supp §§ 15.3435, 15-
.3437).

On May 27, 1963, in accord with said resolution,
there was submitted to the electors of the defendant
Coldwater school district 2 questions: (1) Should
the tax millage limitation in the district be increased
for school purposes? (2) Should the annexing dis-
trict assume its pro rata share of the bonded in-
debtedness of the Lakeland district? Both propo-
sitions carried by a majority vote.

On that same date there was submitted to the
electors of the Lakeland district (1) the annexation
question, (2) a question as to increase of tax limita-
tion therein for school purposes, and (3) assump-
tion of its pro rata share of the bonded indebtedness
of the Coldwater district. The first 2 propositions
carried by majority vote. The third one failed to
receive a majority vote.

Section 511 of the 1955 school code, as amended
(CLS 1961, § 340.511, as amended by PA 1963, No
208 [Stat Ann 1963 Cum Supp § 15.3511]), provided
in part:

"The same question or measure involving con-
solidation of school districts, annexation of entire
districts, annexation or transfer of a portion of 1
school district to another, or bonding of school
districts, shall not be submitted to the voters of any
school district more often than once in 6 months,
unless the board is presented with a petition re-
questing the board to call another election and signed
by qualified school electors of the district to the
number of not less than 50% of the registered
general electors residing in the district as of the date
the petition is presented to the board."

On June 17, 1963, the Coldwater board of educa-
tion adopted another resolution to annex the Lake-
land district, without conditioning its becoming ef-
fective upon Lakeland district voters'. approval of

assumption of bonded indebtedness of the Coldwater district. This resolution was adopted by the board without previous presentation to it of a petition signed by 50% or more of the electors, requesting the calling of another election as in the above statutory language provided. In accord with that resolution the Lakeland board called an election for August 5, 1963, less than 6 months after the May 27th election, and submitted to the electors of the Lakeland district the first 2 questions submitted to them at the previous election, namely, (1) the question of annexation and (2) the question of raising the tax limitation. Both propositions carried by a majority vote. An assumption of indebtedness question was not submitted to them. The Lakeland board declared that the annexation had passed.

Plaintiffs, taxpayers and electors of the Lakeland school district, challenge the August 5th election because it was held less than 6 months after the May 27th election and no petition signed by 50% of the electors had been presented to the board requesting such second election, in consequence of which it was, so they urge, violative of the above statutory inhibition.

The pertinent language of the statute here involved is "the same question or measure involving * * * annexation of entire districts * * *". Was "the same question" presented to the electors at both elections? To plaintiffs this is a simple question, capable of an easy answer. The language of the 2 questions submitted to the Lakeland electors at the last election was the same as the language of the first 2 questions submitted to them at the previous election when they received a majority favorable vote. To plaintiffs that settles the matter of "sameness" inhibited by the statute.

Defendants, on the other hand, stress that at the first election the question of annexation submitted

to the electors was, by the Coldwater board resolution, conditioned upon assumption by Lakeland district, by majority vote of its electors, of the bonded indebtedness of Coldwater school district. In the last election the question submitted was annexation without assumption of such bonded indebtedness.

Plaintiffs' chief case reliance is on *Groh* v. *City of Battle Creek,* 368 Mich 653, which they say is directly in point. Involved in that case was the statutory prohibition against 2 successive elections involving annexation of "the same territory, or part thereof". At the first election the proposal was to annex to a city 2 parcels of the territory of another city and it was defeated. A second proposal followed to annex said 2 parcels plus all the additional territory of the city to be annexed. We held that to be violative of the statutory restriction because the second proposal did cover "the same territory, or part thereof" as that covered by the previous one which had been voted down at the former election. The case is not in point here.

We agree with defendants that annexation of Lakeland to Coldwater with assumption by Lakeland of its pro rata share of Coldwater's bonded indebtedness was not the same question as annexation without such assumption of indebtedness. The restrictive language of the statute, therefore, did not come into play. The second election was not null and void as contended by plaintiffs. Plaintiffs' information in the nature of quo warranto is dismissed accordingly.

No costs, a public question being involved.

Kavanagh, C. J., and Kelly, Black, Souris, Smith, O'Hara, and Adams, JJ., concurred.