### TAYLOR *v.* OTTAWA COUNTY CLERK.

1. INJUNCTION—INCORPORATION OF NEW CITY—DEFECTIVE PETITIONS
—JURISDICTION OF BOARD OF SUPERVISORS.

>  A court of chancery has jurisdiction to enjoin the board of supervisors from doing the unlawful act of calling an election on the basis of petitions for the incorporation of a new city, where there are patent defects on the face of the petitions showing them to be so deficient as to compliance with statutory requirements that the board is without jurisdiction to consider them (CLS 1961, § 117.6 *et seq.*).

2. MUNICIPAL CORPORATIONS—INCORPORATION OF NEW CITY—SUFFICIENCY OF PETITION.

>  Holding of trial court in suit to enjoin board of supervisors from calling an election on question of incorporation of new city that included area in which plaintiffs were residents that map attached to petition failed to show clearly the area to be incorporated, and was incorrect and misleading as to places excepted, and that verification failed to comply with statutory requirements *held,* supported by record, exhibits, petition, affidavit, and map (CLS 1961, § 117.6 *et seq.*).

3. COSTS—PUBLIC QUESTION—INCORPORATION OF NEW CITY—INJUNCTION.

>  No costs are allowed in suit to enjoin board of supervisors from calling election on question of incorporating a new city, a public question being involved (CLS 1961, § 117.6 *et seq.*).

Appeal from Ottawa; Smith (Raymond L.), J. Submitted May 8, 1964. (Calendar No. 78, Docket No. 50,480.) Decided January 5, 1965.

Amended complaint by Jack Taylor and Mary Ann Visser against Harris Nieusma, Ottawa County

REFERENCES FOR POINTS IN HEADNOTES
[1]  18 Am Jur, Elections §§ 117, 326.
[2]  37 Am Jur, Municipal Corporations § 7.
[3]  14 Am Jur, Costs §§ 29, 36, 37.

Clerk, and the Ottawa County Board of Supervisors to enjoin vote on incorporation of the proposed city of Van Meer. Summary judgment for plaintiffs. Defendants appeal. Affirmed.

*Ten Cate, Townsend & Cunningham* (*James E. Townsend,* of counsel), for plaintiffs.

*James W. Bussard,* Prosecuting Attorney, for defendants.

Per Curiam. Plaintiffs were residents of an area apparently included within the description contained in a petition filed with defendant county clerk under the provisions of CLS 1961, § 117.6 *et seq.* (Stat Ann 1963 Cum Supp § 5.2085 *et seq.*), for incorporation of a proposed new city out of certain township territory. They brought this action, prior to consideration of the petition by the defendant board of supervisors, to enjoin the board from considering the petition or submitting the proposal for incorporation of such city to the electors. After the case was at issue, plaintiffs moved for summary judgment in their favor on the grounds that the petition was patently defective as a matter of law, it did not conform with statutory requirements and was insufficient to confer jurisdiction on the defendant board to call an election thereon. The motion was granted and judgment entered accordingly, finding the petition defective and insufficient and granting the injunctive relief sought in plaintiffs' bill of complaint. Defendants appeal.

Defendants point out that CLS 1961, § 117.8 (Stat Ann 1963 Cum Supp § 5.2087), places the burden of determining the validity of the petition on the board. They say that the lower court erred in substituting its opinion for that of the board of supervisors in passing on the question of such validity.

Defendants cite therefor *French* v. *County of Ingham,* 342 Mich 690. Language in the opinion in that case does seem to afford support for defendants' position in this connection. This Court said (pp 696, 697):

"It is made the duty of the board of supervisors to determine if the petitions meet the prescribed requirements. * * *

"In the final analysis the question presented here is whether a court of equity should interfere to prevent the defendant board of supervisors from performing the duty expressly vested in it by statute. It may not be assumed that a proper conclusion will not be reached on the question as to whether the petitions comply with the home-rule act. We have repeatedly recognized that there shall be no judicial usurpation of the functions of administrative bodies."

Later, in *Township of Kalamazoo* v. *Kalamazoo County Supervisors,* 349 Mich 273, although this Court divided equally on the merits of the controversy, 4 of the Justices held that the *French Case* did not apply when the annexation petitions on their face showed noncompliance with statutory requirements. They held that a question of the board's jurisdiction to act was presented by petitions faulty on their face and that a court of chancery, in such circumstances, had jurisdiction to enjoin the board from doing the unlawful act of calling an election on the basis of insufficient petitions. The other 4 Justices did not take issue therewith, but divided only on determination of merits of the case as to whether the petitions were deficient. In *Godwin Heights Public Schools* v. *Kent County Board of Supervisors,* 363 Mich 337, we held the chancery action proper when brought before the board had submitted the matter to the electors. We think that here the patent defects of the petition gave rise, as

did the situation in *Groh* v. *City of Battle Creek,* 368 Mich 653, to a question of jurisdiction of the board to act. In holding that the petition did not meet statutory requirements, as we shall see presently, we also hold that the board was, therefore, without jurisdiction to consider it. Hence it was appropriate for the chancery court to entertain this action and grant injunctive relief.

Turning now to the question of sufficiency of the petition, the trial court held that it did not fulfill statutory requirements in the following respects: (1) The map attached to the petition does not clearly show the area to be incorporated because it fails to delineate clearly the 5 areas within the borders thereof which the attached legal description indicates are to be excepted therefrom. (2) The heading of the map is incorrect and misleading, stating that the area lying within the solid heavy lines on the map is the area to be incorporated, whereas the attached legal description is to the contrary at least as regards the mentioned exceptions. (3) The requirement of section 6 of the act (CLS 1961, § 117.6 [Stat Ann 1963 Cum Supp § 5.2085]) that the petition shall be verified by the oath of 1 or more petitioners, was not complied with because the affidavit attached to the petition does not affirm the truth of the entire contents of the petition but only says that certain facts are true which are also among those, but not all of them, asserted in the petition.

Examination of the record, exhibits, petition, affidavit and map persuades us that the trial court's finding was correct as to the indicated failure of the petition to comply with statutory requirements.

Affirmed. No costs, a public question being involved.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.